# EXHIBIT B

# THE WHITE HOUSE

WASHINGTON

October 25, 2019

Mr. Charles J. Cooper
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C.  20036

Dear Mr. Cooper:

I write in response to your request regarding the subpoena issued to your client, Charles Kupperman, by the Permanent Select Committee on Intelligence of the United States House of Representatives (the "Committee") on October 25, 2019.  The subpoena directs Mr. Kupperman to appear to testify at a deposition at 9:30 a.m. on Monday, October 28, 2019.

The Department of Justice (the "Department") has advised me that Mr. Kupperman is absolutely immune from compelled congressional testimony with respect to matters related to his service as a senior adviser to the President.  *See* Letter to Pat A. Cipollone, Counsel to the President, from Steven A. Engel, Assistant Attorney General, Office of Legal Counsel (October 25, 2019).  The Department has long taken the position—across administrations of both political parties—that "the President and his immediate advisers are absolutely immune from testimonial compulsion by a Congressional committee." *Immunity of the Former Counsel to the President from Compelled Congressional Testimony*, 31 Op. O.L.C. 191, 191 (2007) (quoting *Assertion of Executive Privilege with Respect to Clemency Decision*, 23 Op. O.L.C. 1, 4 (1999) (opinion of Attorney General Janet Reno)); *Immunity of the Counsel to the President from Compelled Congressional Testimony*, 20 Op. O.L.C. 308, 308 (1996).  That immunity arises from the President's position as head of the Executive Branch and from Mr. Kupperman's former position as a senior adviser to the President, specifically Assistant to the President and Deputy National Security Advisor.

As the Department's letter states, Mr. Kupperman qualifies as a senior presidential adviser entitled to immunity.  The Department's opinions on this topic have consistently recognized that this immunity extends to immediate advisers "'who customarily meet with the President on a regular or frequent basis,' and upon whom the President relies directly for candid and sound advice." *Immunity of the Assistant to the President and Director of the Office of Political Strategy and Outreach from Congressional Subpoena*, 38 Op. O.L.C. __, at *2 (June 15, 2014) (quoting Memorandum from William H. Rehnquist, Assistant Attorney General, Office of Legal Counsel, *Re: Power of Congressional Committee to Compel Appearance or Testimony of "White House Staff"* at 7 (Feb. 5, 1971)).  Accordingly, Mr. Kupperman cannot be compelled to appear before the Committee because "[s]ubjecting a senior presidential advisor to the congressional subpoena power would be akin to requiring the President himself to appear before Congress on matters

**Ex. B at 1**

Mr. Charles Cooper, Esq.
Page 2

relating to the performance of his constitutionally assigned executive functions." *Assertion of Executive Privilege with Respect to Clemency Decision*, 23 Op. O.L.C. at 5. The constitutional immunity of current and former senior advisers to the President exists to protect the institution of the Presidency and, as stated by former Attorney General Reno, "may not be overborne by competing congressional interests." *Id.*

Accordingly, in order to protect the prerogatives of the Office of President today and in the future, and in response to your request, the President directs Mr. Kupperman not to appear at the Committee's scheduled hearing on Monday, October 28, 2019. This long-standing principle is firmly rooted in the Constitution's separation of powers and protects the core functions of the Presidency, and this office is adhering to this well-established precedent in order to allow future Presidents to effectively execute the responsibilities of the Office of President. I also attach the letter opinion provided by the Department regarding Mr. Kupperman's immunity.

Thank you for your attention to this matter. Please do not hesitate to contact me or Mike Purpura if you have any questions.

Sincerely,

Pat A. Cipollone
*Counsel to the President*



**U.S. Department of Justice**

Office of Legal Counsel

---

Office of the Assistant Attorney General                                    *Washington, D.C. 20530*

October 25, 2019

Pat A. Cipollone
Counsel to the President
The White House
Washington, DC 20500

Dear Mr. Cipollone:

Today, the Permanent Select Committee on Intelligence of the House of Representatives issued a subpoena seeking to compel Charles Kupperman, former Assistant to the President and Deputy National Security Advisor, to testify on Monday, October 28. The Committee subpoenaed Mr. Kupperman as part of its purported impeachment inquiry into the conduct of the President. The Administration has previously explained to the Committee that the House has not authorized an impeachment inquiry, and therefore, the Committee may not compel testimony in connection with the inquiry. Setting aside the question whether the inquiry has been lawfully authorized, you have asked whether the Committee may compel Mr. Kupperman to testify even assuming an authorized subpoena. We conclude that he is absolutely immune from compelled congressional testimony in his capacity as a former senior adviser to the President.

The Committee seeks Mr. Kupperman's testimony about matters related to his official duties at the White House. We understand that Committee staff informed Mr. Kupperman's private counsel that the Committee wishes to question him about the telephone call between President Trump and the President of Ukraine that took place on July 25, 2019, during Mr. Kupperman's tenure as a presidential adviser, and related matters. *See "Urgent Concern" Determination by the Inspector General of the Intelligence Community*, 43 Op. O.L.C. __, at *1–3 (Sept. 3, 2019) (discussing the July 25 telephone call).

The Department of Justice has for decades taken the position, and this Office recently reaffirmed, that "Congress may not constitutionally compel the President's senior advisers to testify about their official duties." *Testimonial Immunity Before Congress of the Former Counsel to the President*, 43 Op. O.L.C. __, at *1 (May 20, 2019) (*"Immunity of the Former Counsel"*). This testimonial immunity is rooted in the separation of powers and derives from the President's status as the head of a separate, co-equal branch of government. *See id.* at *3–7. Because the President's closest advisers serve as his alter egos, compelling them to testify would undercut the "independence and autonomy" of the Presidency, *id.* at *4, and interfere directly with the President's ability to faithfully discharge his responsibilities. Absent immunity, "congressional committees could wield their compulsory power to attempt to supervise the President's actions, or to harass those advisers in an effort to influence their conduct, retaliate for actions the committee disliked, or embarrass and weaken the President for partisan gain." *Immunity of the Assistant to the President and Director of the Office of Political Strategy and Outreach From Congressional Subpoena*, 38 Op. O.L.C. __, at *3 (July 15, 2014).

**Ex. B at 3**

Congressional questioning of the President's senior advisers would also undermine the independence and candor of executive branch deliberations. *See Immunity of the Former Counsel*, 43 Op. O.L.C. at *5–7. Administrations of both political parties have insisted on the immunity of senior presidential advisers, which is critical to protect the institution of the Presidency. *Assertion of Executive Privilege with Respect to Clemency Decision*, 23 Op. O.L.C. 1, 5 (1999) (A.G. Reno).

Mr. Kupperman qualifies as a senior presidential adviser entitled to immunity. The testimonial immunity applies to the President's "immediate advisers—that is, those who customarily meet with the President on a regular or frequent basis." Memorandum for John D. Ehrlichman, Assistant to the President for Domestic Affairs, from William H. Rehnquist, Assistant Attorney General, Office of Legal Counsel, *Re: Power of Congressional Committee to Compel Appearance or Testimony of "White House Staff"* at 7 (Feb. 5, 1971). Your office has informed us that Mr. Kupperman served as the sole deputy to National Security Advisor John R. Bolton, and briefly served as Acting National Security Advisor after Mr. Bolton's departure. As Deputy National Security Advisor, Mr. Kupperman generally met with the President multiple times per week to advise him on a wide range of national security matters, and he met with the President even more often during the frequent periods when Mr. Bolton was traveling. Mr. Kupperman participated in sensitive internal deliberations with the President and other senior advisers, maintained an office in the West Wing of the White House, traveled with the President on official trips abroad on multiple occasions, and regularly attended the presentation of the President's Daily Brief and meetings of the National Security Council presided over by the President.

Mr. Kupperman's immunity from compelled testimony is strengthened because his duties concerned national security. The Supreme Court held in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), that senior presidential advisers do not enjoy absolute immunity from civil liability—a holding that, as we have previously explained, does not conflict with our recognition of absolute immunity from compelled congressional testimony for such advisers, *see, e.g., Immunity of the Former Counsel*, 43 Op. O.L.C. at *13–14. Yet the *Harlow* Court recognized that "[f]or aides entrusted with discretionary authority in such sensitive areas as national security or foreign policy," even absolute immunity from suit "might well be justified to protect the unhesitating performance of functions vital to the national interest." 457 U.S. at 812; *see also id.* at 812 n.19 ("a derivative claim to Presidential immunity would be strongest in such 'central' Presidential domains as foreign policy and national security, in which the President could not discharge his singularly vital mandate without delegating functions nearly as sensitive as his own").

Immunity is also particularly justified here because the Committee apparently seeks Mr. Kupperman's testimony about the President's conduct of relations with a foreign government. The President has the constitutional responsibility to conduct diplomatic relations, *see Assertion of Executive Privilege for Documents Concerning Conduct of Foreign Affairs with Respect to Haiti*, 20 Op. O.L.C. 5, 7 (1996) (A.G. Reno), and as a result, the President has the "exclusive authority to determine the time, scope, and objectives of international negotiations." *Unconstitutional Restrictions on Activities of the Office of Science and Technology Policy in Section 1340(a) of the Department of Defense and Full-Year Continuing Appropriations Act, 2011*, 35 Op. O.L.C. __, at *4 (Sept. 19, 2011) (quotation marks omitted). Compelling testimony about these sensitive constitutional responsibilities would only deepen the very concerns—about

**Ex. B at 4**

separation of powers and confidentiality—that underlie the rationale for testimonial immunity. *See New York Times Co. v. United States,* 403 U.S. 713, 728 (1971) (Stewart, J., concurring) ("[I]t is elementary that the successful conduct of international diplomacy and the maintenance of an effective national defense require both confidentiality and secrecy.").

Finally, it is inconsequential that Mr. Kupperman is now a private citizen. In *Immunity of the Former Counsel,* we reaffirmed that for purposes of testimonial immunity, there is "no material distinction" between "current and former senior advisers to the President," and therefore, an adviser's departure from the White House staff "does not alter his immunity from compelled congressional testimony on matters related to his service to the President." 43 Op. O.L.C. at *16; *see also Immunity of the Former Counsel to the President from Compelled Congressional Testimony,* 31 Op. O.L.C. 191, 192–93 (2007). It is sufficient that the Committee seeks Mr. Kupperman's testimony on matters related to his official duties at the White House.

Please let us know if we may be of further assistance.

*Steven Engel /lth*

Steven A. Engel
Assistant Attorney General

3