IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES M. KUPPERMAN,<br><br>Plaintiff,<br><br>vs.<br><br>HOUSE OF REPRESENTATIVES OF THE U.S.A., ET AL.,<br><br>Defendants. | CV NO. 19-3224<br>Washington, D.C.<br>October 31, 2019<br>4:00 p.m. |

TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
BEFORE THE HONORABLE RICHARD J. LEON
UNITED STATES SENIOR DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: Michael W. Kirk
Charles J. Cooper
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
(202) 220-9600
mkirk@cooperkirk.com
ccooper@cooperkirk.com

APPEARANCES CONTINUED:

For Defendant
House of Representatives
of the U.S.A.:                     Josephine T. Morse
                                   Todd B. Tatelman
                                   U.S. HOUSE OF REPRESENTATIVES
                                   Office of General Counsel
                                   219 Cannon House
                                   Office Building
                                   Washington, D.C. 20515
                                   (202) 225-9700
                                   jodie.morse@mail.house.gov
                                   todd.tatelman@mail.house.gov


For Defendant
Donald J. Trump
in his Official Capacity
as President:                      Elizabeth J. Shapiro
                                   Hashim Mooppan
                                   U.S. DEPARTMENT OF JUSTICE
                                   Civil Division,
                                   Federal Programs Branch
                                   1100 L Street, NW
                                   Washington, D.C. 20005
                                   (202) 616-8488
                                   elizabeth.shapiro@usdoj.gov

APPEARANCES CONTINUED:

Court Reporter:                    William P. Zaremba
                                   Registered Merit Reporter
                                   Certified Realtime Reporter
                                   Official Court Reporter
                                   U.S. Courthouse
                                   333 Constitution Avenue, NW
                                   Room 6511
                                   Washington, D.C. 20001
                                   (202) 354-3249


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

P R O C E E D I N G S

DEPUTY CLERK: All rise. The United States District Court for the District of Columbia is now in session, the Honorable Richard J. Leon presiding. God save the United States and this Honorable Court.

Please be seated and come to order.

Good afternoon, Your Honor. This afternoon we have Civil Case No. 19-3224, Charles M. Kupperman versus the House of Representatives of the United States of America, et al.

Will counsel please approach the lectern and identify yourself for the record and name the party or parties that you represent.

MR. COOPER: Good afternoon, Judge Leon.

My name is Charles Cooper from Cooper and Kirk. I represent the plaintiff in this matter, Dr. Charles Kupperman.

With me this afternoon is my partner, Michael Kirk.

THE COURT: Welcome.

MR. KIRK: Good afternoon, Judge.

MR. COOPER: Thank you.

THE COURT: Welcome.

MS. SHAPIRO: Good afternoon, Your Honor. I'm Elizabeth Shapiro from the Department of Justice,

representing President Trump in his official capacity.

With me at counsel table is Hashim Mooppan, the Deputy Assistant Attorney General in the Civil Division.

And we also have with us the Assistant Attorney General for the Civil Division, Jody Hunt. He is not at counsel's table because he has to leave early to catch a flight.

THE COURT: What group are you from, Federal Programs Branch?

MS. SHAPIRO: Yes, Federal Programs Branch.

THE COURT: Very good. Thank you.

MS. SHAPIRO: Thank you.

MR. TATELMAN: Good afternoon, Your Honor. Todd Tatelman, Deputy General Counsel for the House of Representatives, representing the House of Representatives, Speaker Pelosi, Chairman Schiff, Chairman Engel, and Acting Chairwoman of Oversight Reform, Chairwoman Maloney.

With me at counsel table is Associate General Counsel, Jodie Morse.

THE COURT: How do you spell your last name?

MR. TATELMAN: Tatelman, T-a-t-e-l-m-a-n.

THE COURT: Thank you.

All right. Counsel, we're here for what probably should prove to be a scheduling conference, in essence.

I'll start with the plaintiff, of course.

Come on up, Mr. Cooper, unless you want your partner to --

MR. COOPER: Of course not, Your Honor.

THE COURT: -- speak for you.

Obviously, this is a matter of great public interest and a matter of great urgency to the country. So the Court takes that very seriously and wants to move it forward as reasonably, expeditiously as possible.

Now, there were events today that might want you -- I'm not telling you how to do your job, obviously -- but a resolution was passed in Congress which would directly impact a portion of your complaint.

MR. COOPER: I noticed that, Your Honor.

THE COURT: I didn't know if you were planning on, as a result of the resolution passing, modifying or amending your complaint in any way or not. That's your choice, obviously, as to what you want to do.

But my overarching concern is that we get all this done as soon as possible so we can move forward with a briefing schedule here and bring this case to a resolution.

So -- and I also am mindful that there's a possibility, since you all apparently, as publicly reported, you represent Mr. Bolten as well, and the issues which seem to be exactly the same, might have some plan in some way, shape, or form that you don't have to reveal, but that might

mean another case will be filed that will be joined.

So I'm trying to get some sense of, if I set a briefing schedule now, am I going to have to just reset it again and reset it again with subsequent events? Or can we streamline this process in a way that will move it forward and get us to an oral argument sometime in December?

MR. COOPER: Your Honor, thank you.

It is also Dr. Kupperman's overarching concern to move this as quickly as possible. We very much appreciate the Court's setting this status conference with such speed. We're grateful for that.

There have been events of today that we definitely are very well aware of. We, with all candor, haven't had a chance to fully understand and study what impact it has on our second argument.

THE COURT: Right.

MR. COOPER: But we will do that promptly.

We're going to attend to that and make any adjustments we need to make in what we've put before you.

The possibility of additional parties in the days ahead should not, Your Honor, cause any concern to the Court about the possibility of a briefing re-adjustment. I can't foresee --

THE COURT: At least you would have done the same.

MR. COOPER: I cannot foresee anything other than

slightly different facts possibly pertaining and different names.

But to the extent the conditions occur that would bring that about, then that should not slow this Court down or cause any speed bumps in the approach that the Court wants to take.

THE COURT: Of course, if the Court were to set a briefing schedule today, which it certainly hopes to do, either side or both could seek leave to amend it in light of developments that may occur between now and next week, say, or something like that.

MR. COOPER: Certainly, Your Honor.

But I would not expect any events that would affect my side of the case to cause a request for any kind of adjustment in the briefing schedule. We are looking for a briefing schedule that is as aggressive as the Court is comfortable with, Your Honor.

THE COURT: So I'm assuming, for the sake of discussion -- I will hear from the other side in a second -- that you would file at some point a motion for summary judgment?

MR. COOPER: Well, Your Honor --

THE COURT: Because there are no facts that need to be developed. This is a pure legal question.

MR. COOPER: It is, Your Honor.

But the other thing is that I think the limited nature or the -- well, yes, limited nature of the participation in the proceedings as they unfold that I anticipate for Dr. Kupperman.

We have no dog in the merits fight, Your Honor. As the Court knows from our complaint, Dr. Kupperman is basically in a classic catch-22 here.

He's got a subpoena from three committees of the House of Representatives compelling his appearance and his testimony in connection with the inquiry that's proceeding.

THE COURT: Uh-huh.

MR. COOPER: He's got an instruction from the President, based upon the President's claim supported by many decades of Justice Department learning from the Office of Legal Counsel of absolute testimonial immunity, and he has asserted that claim and instructed Dr. Kupperman not to appear and testify.

He can't satisfy both of them, but he is perfectly prepared to satisfy, Your Honor, whichever command this Court says is valid and binding on him. If it is to answer to the subpoena, appear and testify, he will do so. If it is to honor and respect the assertion of absolute testimonial immunity -- that, by the way, I think is an important -- not, perhaps, for this Court, but for the people behind me to understand this is a very limited

doctrine, as the Court knows, applying only to a very small cadre of the President's closest Oval Office advisors, if you will.

It's not one that is extended to any witness that has thus far appeared.

Dr. Kupperman is the first witness endowed, I guess, or cloaked with this claim of immunity.

THE COURT: It's essentially to the assistants to the President.

MR. COOPER: Yes, exactly. That's it.

THE COURT: Which is probably somewhere between 8 and 12 people --

MR. COOPER: It is a small cadre.

THE COURT: -- something like that.

MR. COOPER: Yes, Your Honor. It is a handful, essentially, of people in the United States of America, and none of the ones who have thus far testified in the hearings that are proceeding have been within that small circle of assistants.

So, again, we, Dr. Kupperman, doesn't plan to engage on the merits, but we are critically interested in resisting any of the jurisdictional justiciability arguments that may be put forward or will be put forward.

THE COURT: Well, I'm assuming -- and, again, like I said, I'm going to wait to hear what they have to say, but

I'm assuming a motion to dismiss is going to be filed by one or both of these parties, that you'll have to respond it. There's no question in my mind about that.

MR. COOPER: Well, I just spent an hour and a half plus in the courtroom down the hall. And the discussion of the justiciability claims that were being advanced there certainly has telegraphed what I think will be their punch here.

So we -- it is of imperative importance to my client and any clients that I may represent that the case be placed properly, justiciably in your hands for a resolution on the merits.

But with respect to the merits, that's between them.

THE COURT: Well, as you well know, Federal Courts aren't in the business of giving advisory opinions, so there has to be a justiciable issue. And the Court's powers to issue declaratory relief have to be extant. They have to be present.

MR. COOPER: Certainly, Your Honor. Certainly.

THE COURT: So these are very important and challenging issues that have to be wrestled with.

But I need to get some sense from you as to what, if any, motion you might file within the next two weeks, including a motion for summary judgment or some other kind

of motion. So I don't know.

MR. COOPER: Well, let's play this forward, then, yes, Your Honor.

I would anticipate, in my role representing essentially the interpleader plaintiff before you, resisting, opposing the motion to dismiss on any jurisdictional justiciability grounds, trying to persuade you, yes, you have the case; you can decide the merits.

Then if I can persuade you of that -- and I look forward to that opportunity in due and quick course -- then I'm going to step aside.

And you won't hear from me probably again, because it will be -- the ball will be in their court on the merits, if this Court gets to them, with the House arguing, I'm sure, our subpoena is not cloaked with the immunity that is claimed by Dr. Kupperman at the President's insistence.

And presumably, the Department of Justice saying, No, your subpoena must yield to that immunity, and Dr. Kupperman can defy it without risking criminal liability or any other consequence.

That's going to be the -- that's going to be where these parties square off.

And as I say, Dr. Kupperman is indifferent to the outcome. His concern here, Your Honor, is that he do the thing that's right under the Constitution; that his oath to

uphold the Constitution be something he does not accidentally or mistakenly violate because he's been forced to adjudicate this question; he's been forced to make a choice and to do one thing or the other, running the risk that he's done the wrong thing. That's what Dr. Kupperman seeks to avoid, Your Honor.

THE COURT: So if the Court were, hypothetically, to agree that the issue is justiciable and that it's not in any way not before this Court, at that point, what, if any pleadings would there be filed from your side that you can foresee as to whether the Court concludes one way or the other as to the scope of this immunity that the Executive Branch is claiming applies in this situation? Would there be no pleadings?

MR. COOPER: Your Honor, we would contemplate not filing papers in the Court on the merits of the case. We really are in the nature of an interpleader plaintiff.

THE COURT: Yeah.

MR. COOPER: We really are -- our interest is not which one of these parties wins.

It's in getting this Court's guidance and judgment as to which one of these parties wins; and, therefore, Dr. Kupperman can proceed with the certainty of judicial resolution of that momentous question and, therefore, in serene understanding that he's performing his constitutional

obligation, whether that means to provide his information to the House or that means to respect and honor the President's contrary claim of testimonial immunity.

THE COURT: Well, I am mindful of Judge Bates' opinion in *Miers*. And, of course, it was different factually than this situation.

MR. COOPER: Yes.

THE COURT: So this case is a different case, although it has similarities to it, but it's a different case.

MR. COOPER: Yes, Your Honor.

THE COURT: So there really isn't a precedent right now in our Circuit that is binding on the Court on this particular issue.

MR. COOPER: To be sure, to be sure.

THE COURT: Thank you, Mr. Cooper.

MR. COOPER: Thank you, Judge.

THE COURT: Whichever wants to go first, I'll leave it to you all to decide.

Mr. Tatelman.

MR. TATELMAN: I think the House will take the lead here, Your Honor, if that's all right with you.

THE COURT: That's fine.

MR. TATELMAN: Let me say at the outset that the House defendants want to make it very clear to the Court

here that this particular situation runs directly afoul to both binding Supreme Court precedent and this Court's own decision several years ago in the case of *Porteous versus Baron*, where you held and the Supreme Court supports, that there is no jurisdiction with respect to House defendants pursuant to the Constitution Speech or Debate Clause.

House defendants would also like to make it very clear to this Court right now at the outset that there are other threshold deficiencies that we see with the position that the plaintiffs are attempting to put both parties in.

We believe very strongly that this complaint serves no other purpose than to attempt to delay the House's constitutionally prescribed impeachment inquiry. Allowing it to continue would constitute, in the House's view, a fundamental miscarriage of justice and a breach of constitutional norms.

The House's subpoena --

THE COURT: So that's why you're going to file a motion to dismiss?

MR. TATELMAN: Yes, Your Honor.

The House believes that its subpoena is completely valid. It is 100 percent enforceable. Dr. Kupperman --

THE COURT: Let me just stop you there for a second, sir.

In light of today's resolution being passed, are

you going to reissue the subpoenas consistent with the resolution now? Or are you going to keep the subpoenas that were issued previously extant and, thereby, leave open the question of whether or not they were appropriately issued in the first place? What's your plan or do you have a plan?

MR. TATELMAN: Well, Your Honor, at this point, I don't have an answer to that question. I would need to consult with the committee.

I would say, though --

THE COURT: That's a pretty substantial question.

MR. TATELMAN: With respect to Your Honor, yes, it's an important question for the committee to consider. And I believe they will.

We don't believe that there is any deficiency with the existing subpoenas.

THE COURT: Okay.

MR. TATELMAN: We don't believe -- we believe that they are valid. We believe that they are enforceable. We believe Dr. Kupperman has to comply with it and that attempting to bring this claim here is inappropriate.

Let me just say very briefly, Your Honor, that the interpleader stance that my friend, the plaintiffs, Mr. Cooper, was attempting to put forward here, is not the traditional way that civil litigation ought to operate.

Their position that they would raise these

jurisdictional questions and then step aside from the merits seems antithetical to the notion of a traditional case or controversy that would allow this Court to decide the question.

There are two avenues I think Your Honor's well aware of to which Mr. Kupperman can put his dispute properly before this Court.

He can fail to appear, and the committee can decide of its own volition whether or not it wants to enforce the subpoena, which is, ironically, the argument going on just down the hall with respect to former White House Counsel Don McGhan.

Or if Mr. Kupperman wishes to comply with the subpoena and the Department and the White House decide that is an unacceptable position for them, they can come to court and seek an injunction from Your Honor preventing him from testifying.

And the House and the committees, if they choose to, of their own volition and free will, can choose to avail themselves of jurisdiction, seek to intervene to defend their position.

Neither of those are here, Your Honor.

THE COURT: But wouldn't either one of those routes effectively extend this process even further?

This is a potentially, potentially more-efficient

and quicker way to resolve this case.

If this Court sets a briefing schedule or oral argument will be held the first or second week in December and the Court issues an opinion by the end of December or early January, that's going to be a lot faster resolution of this issue than going through the process you just elaborated because of all the votes that would have to be taken and the subsequent litigation that would occur.

That's just prolonging things, isn't it?

MR. TATELMAN: Not necessarily, Your Honor.

The committee, if it wanted to, could make these decisions relatively quickly.

I will submit to Your Honor that that --

THE COURT: It's not just one committee. It's three.

MR. TATELMAN: With due respect, Your Honor, it was -- the subpoena was actually only issued by a single committee. There are three committees involved in the investigative process.

THE COURT: Right.

MR. TATELMAN: But the subpoena was issued only by the Permanent Select Committee on Intelligence. They're the only committee that would need to act to pursue any of those avenues.

THE COURT: But there's a possibility that one or

both of the other two committees could just make its own decision.

MR. TATELMAN: That is always possible, Your Honor, yes.

But I will say in terms of looking forward to a schedule and your concerns about moving this as quickly as possible, I've been instructed to represent to the Court, Your Honor, this afternoon that the House is prepared to make a motion to dismiss. We will be prepared to file that as early as next Tuesday.

We are prepared to move with all due speed. We think this case is not justiciable. We think Your Honor will come to that conclusion very, very quickly.

We don't think it will even take you until the middle of December to reach that conclusion, and we would like the opportunity to brief it very, very quickly with respect to the House defendants. And we're prepared to do so.

THE COURT: All right. Thank you very much.

Ms. Shapiro.

MS. SHAPIRO: Yes, Your Honor.

We don't think there's a real emergency or need to be that quick with the briefing from the Executive Branch. I think it makes sense if there's going to be a jurisdictional speech-and-debate argument made and that gets

resolved and if, for example, it was resolved in the House's favor, that would put the relative situation of the litigants in a different place and make for different arguments.

We're prepared to go forward with briefing if Your Honor wants to do it that way, but we -- the defendants don't have to be briefing at the same time. And we would propose 30 days to submit a brief.

THE COURT: Well, that's not realistic. So you're not getting 30 days; that's for darned sure.

Would you file a motion to dismiss as well?

MS. SHAPIRO: Yes.

THE COURT: Okay. Very good.

MS. SHAPIRO: But we would not be able to do it by Tuesday.

THE COURT: No. I wasn't thinking of Tuesday --

MS. SHAPIRO: Okay.

THE COURT: -- I can assure you. That's -- although that's laudatory on the part of the House, it's not a realistic schedule under the circumstances.

And indeed, they might want to pause and consider the complexities and the potential consequences of an opinion by this Court for future potential litigation down the road. So it's important that this get done right.

Now, it may be they already have the briefs

effectively written to deal with the litigation that's going on down the corridor here. I don't know.

I don't know what the situation of their -- their briefing reservoir is or the prowess, for that matter.

But I am very familiar with the Federal Programs Branch and its work. And I know that they take a little more time than a few days.

MS. SHAPIRO: We would need more time than a few days, absolutely.

And I would just say there's no enforcement action pending that we're aware of. So in terms of speed, I think we should take the time to do it right.

THE COURT: I couldn't have said it better myself.

MS. SHAPIRO: Thank you.

THE COURT: Thank you, ma'am.

Mr. Cooper, do you have anything you want to add in light of those comments and observations that you've just heard?

MR. COOPER: Thank you, Your Honor. I do.

First of all, I think there is a need, and I think the Court perceived that when it set this hearing -- this status conference, excuse me, for today; and that is the proceedings that are moving forward in the House are, to all public reports, on a very urgent timetable.

I think counsel for the House is suggesting he

could put in briefs next Tuesday. That certainly tends to suggest to me that counsel for the House understands the urgent nature of this case and it proceeding on that basis.

It also suggests to me that counsel for the House has his brief on the shelf. And believe me, I can't imagine there's a jurisdictional justiciability issue that they could offer to this Court that isn't being offered to Judge Jackson and argued up right now.

I think the same, I believe, is true of the Department of Justice.

Finally, let me just make this observation.

Counsel for the House, anyway, has suggested, well, this is not the right way to get it to you, but there are other ways to get it to you that are, I guess, no fuss, no muss.

They're saying dismiss the case. And if the House decides they want to enforce their subpoena, they will sue Dr. Kupperman.

Well, I just heard an hour of argument from the Executive Branch down the hall that there's -- that would not be justiciable for, what -- I lost count at around six points.

In fact, if I understood the argument advanced by the Executive Branch down the hall, it is that there is no circumstance under which the dispute, essentially, this

interbranch dispute that I've tried to bring to the Court, because my guy is caught in the middle of it. There is no procedural mechanism. There is no jurisdiction in which any Article III court can possibly resolve it.

They have to -- we have to let them work it out and possibly expose my client to a contempt of the House and possible criminal liability. Well, that's what he's here to try to avoid, Your Honor.

THE COURT: To be clear, the case down the corridor here that Judge Jackson is presiding over is a case where a committee of the House is suing an individual to enforce the subpoena; isn't that right?

MR. COOPER: That's right.

THE COURT: It's a very different posture than this case.

MR. COOPER: It's a completely -- well, it is a different posture. But essentially, I guess, it's a different mechanism for bringing the case here.

But this is a case in which committees of the Court or at least their chairman -- we're happy to amend our complaint to name the committees. We've named the House. We'll be happy to name the committees if that's an issue -- but where committees of the Congress are at least de facto here.

So, Your Honor, I don't think that the

methodologies, if we play this forward and we think, Okay, what would happen if you dismiss this case? And by what mechanism would it be brought back to this District Court?

I don't think there's one that the counsel for both these political branches of the government will agree will present the Court with a justiciable case over which it could, in fact, resolve the issue.

They will be fighting over these very same issues that they plan to raise in these motions to dismiss. That's my prediction. Maybe you can ask him if I'm wrong.

But in any event, Judge Leon, those are my thoughts. And we're anxious for the Court to move forward with alacrity.

Thank you.

THE COURT: All right.

Well, as I indicated to Ms. Shapiro, I can't give you a month. But considering the nature of the circumstances and the fact that these are not issues that have not been thought through and litigated and there's -- there's a lot of work that's already been done in this particular arena.

I'll give the government and the House two weeks to file their brief. That's November 14th.

I'll give the plaintiff two weeks to respond. So that would be the -- well, that's Thanksgiving Day, the

28th. So I'll ding you one less day than that. Get it in the 27th. I'll have something to read that weekend.

MR. COOPER: Make it one less day rather than one more. That's fine with me.

THE COURT: That's fine.

And then for reply, the government can have until -- the government and the Congress can both have until December 4th to file their reply brief.

And I'll set the oral argument for December 10th at 3:00, all right?

MS. SHAPIRO: Your Honor, may I?

THE COURT: Sure.

MS. SHAPIRO: We were just comparing calendars, and the November 27th to December 4th is Thanksgiving weekend. And if there's a way to give a few extra days so that people can --

THE COURT: You're obviously not familiar with this Court.

Talk to your colleagues who handled the *Guantanamo* detainee cases. Talk to your colleagues who worked on *McConnell versus the FEC*. Talk to your colleagues about *Klayman versus Obama*.

When it's a matter of this consequence to this country, you roll your sleeves up; you get the job done. Vacations and other distractions take second place.

MS. SHAPIRO: Fair enough.

THE COURT: The Department and the Congress both have large reservoirs of legal talent at their disposal. If you can't do it, I'm sure you have colleagues who can. So get the job done.

MS. SHAPIRO: Thank you.

THE COURT: Any further questions for the plaintiffs?

MR. COOPER: No, Your Honor. Thank you.

THE COURT: Any further questions from the House?

MR. TATELMAN: No. Thank you, Your Honor.

THE COURT: We'll stand in recess.

DEPUTY CLERK: All rise.

This Honorable Court now stands in recess until the return of court.

(Proceedings concluded at 4:37 p.m.)

C E R T I F I C A T E

I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.

Date: October 31, 2019_____ /S/__William P. Zaremba______

William P. Zaremba, RMR, CRR

**DEPUTY CLERK: [2]** 4/1 26/12
**MR. COOPER: [28]**
**MR. KIRK: [1]** 4/20
**MR. TATELMAN: [13]** 5/12 5/20 14/20 14/23 15/19 16/5 16/10 16/16 18/9 18/15 18/20 19/2 26/10
**MS. SHAPIRO: [13]** 4/23 5/9 5/11 19/20 20/11 20/13 20/16 21/7 21/13 25/10 25/12 25/25 26/5
**THE COURT: [53]**

**/**

**/S [1]** 27/7

**1**

**100 [1]** 15/22
**10th [1]** 25/9
**1100 [1]** 2/13
**12 [1]** 10/12
**14th [1]** 24/23
**1523 [1]** 1/14
**19-3224 [2]** 1/5 4/8

**2**

**20001 [1]** 3/5
**20005 [1]** 2/13
**20036 [1]** 1/15
**2019 [2]** 1/6 27/7
**202 [4]** 1/15 2/6 2/14 3/6
**20515 [1]** 2/6
**219 [1]** 2/5
**22 [1]** 9/7
**220-9600 [1]** 1/15
**225-9700 [1]** 2/6
**27th [2]** 25/2 25/14
**28th [1]** 25/1

**3**

**30 [2]** 20/8 20/10
**31 [2]** 1/6 27/7
**3224 [2]** 1/5 4/8
**3249 [1]** 3/6
**333 [1]** 3/4
**354-3249 [1]** 3/6
**3:00 [1]** 25/10

**4**

**4:00 [1]** 1/7
**4:37 [1]** 26/16
**4th [2]** 25/8 25/14

**6**

**616-8488 [1]** 2/14
**6511 [1]** 3/5

**8**

**8 and [1]** 10/12
**8488 [1]** 2/14

**9**

**9600 [1]** 1/15
**9700 [1]** 2/6

**A**

**able [1]** 20/14
**about [5]** 7/22 8/4 11/3 19/6 25/21
**above [1]** 27/4
**above-titled [1]** 27/4
**absolute [2]** 9/15 9/22
**absolutely [1]** 21/9
**accidentally [1]** 13/2
**act [1]** 18/23
**Acting [1]** 5/16
**action [1]** 21/10
**actually [1]** 18/17
**add [1]** 21/16
**additional [1]** 7/20
**adjudicate [1]** 13/3
**adjustment [2]** 7/22 8/15
**adjustments [1]** 7/19
**advanced [2]** 11/6 22/23
**advisors [1]** 10/2
**advisory [1]** 11/16
**affect [1]** 8/14
**afoul [1]** 15/1
**afternoon [8]** 4/7 4/7 4/14 4/18 4/21 4/24 5/13 19/8
**again [5]** 7/4 7/4 10/20 10/24 12/12
**aggressive [1]** 8/16
**ago [1]** 15/3
**agree [2]** 13/8 24/5
**ahead [1]** 7/21
**aided [1]** 3/7
**al [2]** 1/7 4/10
**alacrity [1]** 24/13
**all [15]** 4/2 5/23 6/18 6/22 7/13 14/19 14/22 18/7 19/11 19/19 21/20 21/23 24/15 25/10 26/13
**all right [3]** 5/23 14/22 25/10
**allow [1]** 17/3
**Allowing [1]** 15/13
**already [2]** 20/25 24/20
**also [5]** 5/4 6/21 7/8 15/7 22/4
**although [2]** 14/9 20/19
**always [1]** 19/3
**am [4]** 6/21 7/3 14/4 21/5
**amend [2]** 8/9 23/20
**amending [1]** 6/15
**America [2]** 4/9 10/16
**another [1]** 7/1
**answer [2]** 9/20 16/7
**anticipate [2]** 9/4 12/4
**antithetical [1]** 17/2
**anxious [1]** 24/12
**any [20]** 6/16 7/18 7/21 8/5 8/13 8/14 10/4 10/22 11/10 11/24 12/6 12/20 13/9 13/9 16/14 18/23 23/3 24/11 26/7 26/10
**anything [2]** 7/25 21/16
**anyway [1]** 22/12
**apparently [1]** 6/22
**appear [3]** 9/17 9/21 17/8
**appearance [1]** 9/9
**APPEARANCES [3]** 1/12 2/1 3/1
**appeared [1]** 10/5
**applies [1]** 13/13
**applying [1]** 10/1
**appreciate [1]** 7/9
**approach [2]** 4/11 8/5
**appropriately [1]** 16/4
**are [26]** 5/8 7/13 8/15 8/23 10/18 10/21 11/21 13/17 13/19 15/8 15/10 15/25 16/2 16/18 16/18 17/5 17/22 18/18 19/11 21/23 21/23 22/14 22/14 23/23 24/11 24/18
**aren't [1]** 11/16
**arena [1]** 24/21
**argued [1]** 22/8
**arguing [1]** 12/14
**argument [8]** 7/6 7/15 17/10 18/3 19/25 22/19 22/23 25/9
**arguments [2]** 10/22 20/4
**around [1]** 22/21
**Article [1]** 23/4
**Article III [1]** 23/4
**as [28]**
**aside [2]** 12/11 17/1
**ask [1]** 24/10
**asserted [1]** 9/16
**assertion [1]** 9/22
**Assistant [2]** 5/3 5/4
**assistants [2]** 10/8 10/19
**Associate [1]** 5/18
**assuming [3]** 8/18 10/24 11/1
**assure [1]** 20/18
**attempt [1]** 15/12
**attempting [3]** 15/10 16/20 16/23
**attend [1]** 7/18
**Attorney [2]** 5/3 5/5
**Attorney General [2]** 5/3 5/5
**avail [1]** 17/19
**Avenue [2]** 1/14 3/4
**avenues [2]** 17/5 18/24
**avoid [2]** 13/6 23/8
**aware [3]** 7/13 17/6 21/11

**B**

**back [1]** 24/3
**ball [1]** 12/13
**Baron [1]** 15/4
**based [1]** 9/13
**basically [1]** 9/7
**basis [1]** 22/3
**Bates' [1]** 14/4
**be [39]**
**because [6]** 5/6 8/23 12/12 13/2 18/7 23/2
**been [7]** 7/12 10/18 13/2 13/3 19/7 24/19 24/20
**before [5]** 1/10 7/19 12/5 13/9 17/7
**behind [1]** 9/25
**being [3]** 11/6 15/25 22/7
**believe [9]** 15/11 16/13 16/14 16/17 16/17 16/18 16/19 22/5 22/9
**believes [1]** 15/21
**better [1]** 21/13
**between [3]** 8/10 10/11 11/13
**binding [3]** 9/20 14/13 15/2
**Bolten [1]** 6/23
**both [9]** 8/9 9/18 11/2 15/2 15/10 19/1 24/5 25/7 26/2
**Branch [8]** 2/12 5/9 5/10 13/13 19/23 21/6 22/20 22/24
**branches [1]** 24/5
**breach [1]** 15/15
**brief [5]** 19/16 20/8 22/5 24/23 25/8
**briefing [11]** 6/20 7/3 7/22 8/8 8/15 8/16 18/2 19/23 20/5 20/7 21/4
**briefly [1]** 16/21
**briefs [2]** 20/25 22/1
**bring [4]** 6/20 8/4 16/20 23/1
**bringing [1]** 23/18
**brought [1]** 24/3
**Building [1]** 2/5
**bumps [1]** 8/5
**business [1]** 11/16

**C**

**cadre [2]** 10/2 10/13
**calendars [1]** 25/13
**can [19]** 6/19 7/4 12/8 12/9 12/19 13/10 13/23 17/6 17/8 17/8 17/15 17/19 20/18 23/4 24/10 25/6 25/7 25/16 26/4
**can't [5]** 7/22 9/18 22/5 24/16 26/4
**candor [1]** 7/13
**Cannon [1]** 2/5
**cannot [1]** 7/25
**capacity [2]** 2/10 5/1
**case [23]** 4/8 6/20 7/1 8/14 11/10 12/8 13/16 14/8 14/8 14/10 15/3 17/2 18/1 19/12 22/3 22/16 23/9 23/10 23/15 23/18 23/19 24/2 24/6
**cases [1]** 25/20
**catch [2]** 5/7 9/7
**catch-22 [1]** 9/7
**caught [1]** 23/2
**cause [3]** 7/21 8/5 8/14
**ccooper [1]** 1/16
**certainly [6]** 8/8 8/12 11/7 11/20 11/20 22/1
**certainty [1]** 13/23
**Certified [1]** 3/3
**certify [1]** 27/2
**chairman [3]** 5/16 5/16 23/20
**Chairwoman [2]** 5/17 5/17
**challenging [1]** 11/22
**chance [1]** 7/14
**CHARLES [5]** 1/3 1/13 4/8 4/15 4/17
**choice [2]** 6/16 13/4
**choose [2]** 17/18 17/19
**circle [1]** 10/18
**Circuit [1]** 14/13
**circumstance [1]** 22/25
**circumstances [2]** 20/20 24/18
**civil [5]** 2/12 4/8 5/3 5/5 16/24
**claim [5]** 9/13 9/16 10/7 14/3 16/20
**claimed [1]** 12/16
**claiming [1]** 13/13
**claims [1]** 11/6
**classic [1]** 9/7
**Clause [1]** 15/6
**clear [3]** 14/25 15/8 23/9
**client [2]** 11/10 23/6
**clients [1]** 11/10
**cloaked [2]** 10/7 12/15
**closest [1]** 10/2
**colleagues [4]** 25/19 25/20 25/21 26/4
**COLUMBIA [2]** 1/2 4/3
**come [4]** 4/6 6/1 17/15 19/13
**comfortable [1]** 8/17
**command [1]** 9/19
**comments [1]** 21/17
**committee [9]** 16/8 16/12 17/8 18/11 18/14 18/18 18/22 18/23 23/11
**committees [8]** 9/8 17/18 18/18 19/1 23/19 23/21 23/22 23/23
**comparing [1]** 25/13
**compelling [1]** 9/9
**complaint [5]** 6/12 6/16 9/6 15/11 23/21
**completely [2]** 15/21 23/16
**complexities [1]** 20/22
**comply [2]** 16/19 17/13
**computer [1]** 3/7
**computer-aided [1]** 3/7
**concern [4]** 6/18 7/8

**C**

**concern... [2]** 7/21 12/24
**concerns [1]** 19/6
**concluded [1]** 26/16
**concludes [1]** 13/11
**conclusion [2]** 19/13 19/15
**conditions [1]** 8/3
**conference [4]** 1/10 5/24 7/10 21/22
**Congress [4]** 6/11 23/23 25/7 26/2
**connection [1]** 9/10
**consequence [2]** 12/20 25/23
**consequences [1]** 20/22
**consider [2]** 16/12 20/21
**considering [1]** 24/17
**consistent [1]** 16/1
**constitute [1]** 15/14
**Constitution [4]** 3/4 12/25 13/1 15/6
**constitutional [2]** 13/25 15/16
**constitutionally [1]** 15/13
**consult [1]** 16/8
**contemplate [1]** 13/15
**contempt [1]** 23/6
**continue [1]** 15/14
**CONTINUED [2]** 2/1 3/1
**contrary [1]** 14/3
**controversy [1]** 17/3
**Cooper [8]** 1/13 1/14 4/15 4/15 6/1 14/16 16/23 21/16
**cooperkirk.com [2]** 1/16 1/16
**correct [1]** 27/3
**corridor [2]** 21/2 23/10
**could [6]** 8/9 18/11 19/1 22/1 22/7 24/7
**couldn't [1]** 21/13
**counsel [14]** 2/4 4/11 5/2 5/14 5/18 5/19 5/23 9/15 17/12 21/25 22/2 22/4 22/12 24/4
**counsel's [1]** 5/6
**count [1]** 22/21
**country [2]** 6/6 25/24
**course [5]** 5/25 6/3 8/7 12/10 14/5
**court [44]**
**Court's [4]** 7/10 11/17 13/21 15/2
**Courthouse [1]** 3/4
**courtroom [1]** 11/5
**Courts [1]** 11/15
**criminal [2]** 12/19 23/7
**critically [1]** 10/21
**CRR [2]** 27/2 27/8
**CV [1]** 1/5

**D**

**D.C [5]** 1/6 1/15 2/6 2/13 3/5
**darned [1]** 20/10
**Date [1]** 27/7
**day [3]** 24/25 25/1 25/3
**days [6]** 7/20 20/8 20/10 21/7 21/9 25/15
**de [1]** 23/23
**de facto [1]** 23/23
**deal [1]** 21/1
**debate [2]** 15/6 19/25
**decades [1]** 9/14
**December [7]** 7/6 18/3 18/4 19/15 25/8 25/9 25/14
**decide [5]** 12/8 14/19 17/3 17/9 17/14
**decides [1]** 22/17
**decision [2]** 15/3 19/2
**decisions [1]** 18/12
**declaratory [1]** 11/18
**defend [1]** 17/20
**Defendant [2]** 2/2 2/9
**defendants [6]** 1/8 14/25 15/5 15/7 19/17 20/6
**deficiencies [1]** 15/9
**deficiency [1]** 16/14
**definitely [1]** 7/12
**defy [1]** 12/19
**delay [1]** 15/12
**DEPARTMENT [7]** 2/11 4/25 9/14 12/17 17/14 22/10 26/2
**Deputy [2]** 5/3 5/14
**detainee [1]** 25/20
**developed [1]** 8/24
**developments [1]** 8/10
**didn't [1]** 6/14
**different [10]** 8/1 8/1 14/5 14/8 14/9 20/3 20/3 23/14 23/17 23/18
**ding [1]** 25/1
**directly [2]** 6/11 15/1
**discussion [2]** 8/19 11/5
**dismiss [8]** 11/1 12/6 15/19 19/9 20/11 22/16 24/2 24/9
**disposal [1]** 26/3
**dispute [3]** 17/6 22/25 23/1
**distractions [1]** 25/25
**DISTRICT [6]** 1/1 1/2 1/11 4/3 4/3 24/3
**Division [3]** 2/12 5/3 5/5
**do [16]** 5/20 6/10 6/17 7/17 8/8 9/21 12/24 13/4 16/5 19/17 20/6 20/14 21/12 21/16 21/19 26/4
**do you [1]** 5/20
**do you have [2]** 16/5 21/16
**doctrine [1]** 10/1
**does [1]** 13/1
**doesn't [1]** 10/20
**dog [1]** 9/5
**Don [1]** 17/12
**Don McGhan [1]** 17/12
**don't [12]** 6/25 12/1 16/7 16/14 16/17 19/14 19/22 20/7 21/2 21/3 23/25 24/4
**Donald [1]** 2/9
**done [7]** 6/19 7/24 13/5 20/24 24/20 25/24 26/5
**down [8]** 8/4 11/5 17/11 20/23 21/2 22/20 22/24 23/9
**Dr. [15]** 4/17 7/8 9/4 9/6 9/16 10/6 10/20 12/16 12/19 12/23 13/5 13/23 15/22 16/19 22/18
**Dr. Charles Kupperman [1]** 4/17
**Dr. Kupperman [13]** 9/4 9/6 9/16 10/6 10/20 12/16 12/19 12/23 13/5 13/23 15/22 16/19 22/18
**Dr. Kupperman's [1]** 7/8
**due [3]** 12/10 18/16 19/11

**E**

**early [3]** 5/6 18/5 19/10
**effectively [2]** 17/24 21/1
**efficient [1]** 17/25
**either [2]** 8/9 17/23
**elaborated [1]** 18/7
**Elizabeth [2]** 2/10 4/25
**elizabeth.shapiro [1]** 2/14
**emergency [1]** 19/22
**end [1]** 18/4
**endowed [1]** 10/6
**enforce [3]** 17/10 22/17 23/12
**enforceable [2]** 15/22 16/18
**enforcement [1]** 21/10
**engage [1]** 10/21
**Engel [1]** 5/16
**enough [1]** 26/1
**essence [1]** 5/24
**essentially [5]** 10/8 10/16 12/5 22/25 23/17
**et [2]** 1/7 4/10
**et al [1]** 4/10
**even [2]** 17/24 19/14
**event [1]** 24/11
**events [4]** 6/9 7/4 7/12 8/13
**exactly [2]** 6/24 10/10
**example [1]** 20/1
**excuse [1]** 21/22
**Executive [4]** 13/12 19/23 22/20 22/24
**existing [1]** 16/15
**expect [1]** 8/13
**expeditiously [1]** 6/8
**expose [1]** 23/6
**extant [2]** 11/18 16/3
**extend [1]** 17/24
**extended [1]** 10/4
**extent [1]** 8/3
**extra [1]** 25/15

**F**

**fact [3]** 22/23 24/7 24/18
**facto [1]** 23/23
**facts [2]** 8/1 8/23
**factually [1]** 14/6
**fail [1]** 17/8
**Fair [1]** 26/1
**familiar [2]** 21/5 25/17
**far [2]** 10/5 10/17
**faster [1]** 18/5
**favor [1]** 20/2
**FEC [1]** 25/21
**Federal [5]** 2/12 5/8 5/10 11/15 21/5
**few [3]** 21/7 21/8 25/15
**fight [1]** 9/5
**fighting [1]** 24/8
**file [7]** 8/20 11/24 15/18 19/9 20/11 24/23 25/8
**filed [3]** 7/1 11/1 13/10
**filing [1]** 13/16
**Finally [1]** 22/11
**fine [3]** 14/23 25/4 25/5
**first [5]** 10/6 14/18 16/5 18/3 21/20
**flight [1]** 5/7
**forced [2]** 13/2 13/3
**foregoing [1]** 27/3
**foresee [3]** 7/23 7/25 13/11
**form [1]** 6/25
**former [1]** 17/11
**forward [13]** 6/8 6/19 7/5 10/23 10/23 12/2 12/10 16/23 19/5 20/5 21/23 24/1 24/12
**free [1]** 17/19
**friend [1]** 16/22
**fully [1]** 7/14
**fundamental [1]** 15/15
**further [3]** 17/24 26/7 26/10
**fuss [1]** 22/14
**future [1]** 20/23

**G**

**General [5]** 2/4 5/3 5/5 5/14 5/18
**get [10]** 6/18 7/2 7/6 11/23 20/24 22/13 22/14 25/1 25/24 26/5
**gets [2]** 12/14 19/25
**getting [2]** 13/21 20/10
**give [4]** 24/16 24/22 24/24 25/15
**giving [1]** 11/16
**go [2]** 14/18 20/5
**God [1]** 4/4
**going [15]** 7/3 7/18 10/25 11/1 12/11 12/21 12/21 15/18 16/1 16/2 17/11 18/5 18/6 19/24 21/1
**good [7]** 4/7 4/14 4/21 4/24 5/11 5/13 20/13
**got [2]** 9/8 9/12
**government [4]** 24/5 24/22 25/6 25/7
**grateful [1]** 7/11
**great [2]** 6/5 6/6
**grounds [1]** 12/7
**group [1]** 5/8
**Guantanamo [1]** 25/19
**guess [3]** 10/7 22/14 23/17
**guidance [1]** 13/21
**guy [1]** 23/2

**H**

**had [1]** 7/13
**half [1]** 11/4
**hall [4]** 11/5 17/11 22/20 22/24
**Hampshire [1]** 1/14
**handful [1]** 10/15
**handled [1]** 25/19
**hands [1]** 11/11
**happen [1]** 24/2
**happy [2]** 23/20 23/22
**has [10]** 5/6 7/14 9/16 10/5 11/7 11/17 14/9 16/19 22/5 22/12
**Hashim [2]** 2/11 5/2
**Hashim Mooppan [1]** 5/2
**have [31]**
**haven't [1]** 7/13
**he [10]** 5/5 5/6 9/15 9/18 9/18 9/21 12/24 13/1 17/8 21/25
**he's [7]** 9/8 9/12 13/2 13/3 13/5 13/25 23/7
**hear [3]** 8/19 10/25 12/12
**heard [2]** 21/18 22/19
**hearing [1]** 21/21
**hearings [1]** 10/17
**held [2]** 15/4 18/3
**here [15]** 5/23 6/20 9/7 11/8 12/24 14/22 15/1 16/20 16/23 17/22 21/2 23/7 23/10 23/18 23/24
**him [3]** 9/20 17/16 24/10
**his [10]** 2/10 5/1 9/9 9/9 12/24 12/25 13/25 14/1 17/6 22/5
**honor [43]**
**Honor's [1]** 17/5
**HONORABLE [4]** 1/10 4/4 4/5 26/14
**hopes [1]** 8/8
**hour [2]** 11/4 22/19
**HOUSE [32]**
**House's [4]** 15/12 15/14 15/17 20/1

**H**

**how [2]** 5/20 6/10
**huh [1]** 9/11
**Hunt [1]** 5/5
**hypothetically [1]** 13/7

**I**

**I also [1]** 6/21
**I am [2]** 14/4 21/5
**I believe [2]** 16/13 22/9
**I can [1]** 20/18
**I can't [3]** 7/22 22/5 24/16
**I couldn't [1]** 21/13
**I didn't know [1]** 6/14
**I don't have [1]** 16/7
**I don't know [3]** 12/1 21/2 21/3
**I don't think [2]** 23/25 24/4
**I guess [3]** 10/7 22/14 23/17
**I just [1]** 11/4
**I know [1]** 21/6
**I think [11]** 9/1 9/23 11/7 14/21 17/5 19/24 21/11 21/20 21/20 21/25 22/9
**I'll [7]** 5/25 14/18 24/22 24/24 25/1 25/2 25/9
**I'm [11]** 4/24 6/10 7/2 8/18 10/24 10/25 11/1 12/11 12/15 24/10 26/4
**I'm going [2]** 10/25 12/11
**I'm not [1]** 6/10
**I'm sure [2]** 12/15 26/4
**I've [2]** 19/7 23/1
**identify [1]** 4/12
**III [1]** 23/4
**imagine [1]** 22/5
**immunity [7]** 9/15 9/23 10/7 12/15 12/18 13/12 14/3
**impact [2]** 6/12 7/14
**impeachment [1]** 15/13
**imperative [1]** 11/9
**importance [1]** 11/9
**important [4]** 9/24 11/21 16/12 20/24
**inappropriate [1]** 16/20
**including [1]** 11/25
**indeed [1]** 20/21
**indicated [1]** 24/16
**indifferent [1]** 12/23
**individual [1]** 23/11
**information [1]** 14/1
**injunction [1]** 17/16
**inquiry [2]** 9/10 15/13
**insistence [1]** 12/16
**instructed [2]** 9/16 19/7
**instruction [1]** 9/12
**Intelligence [1]** 18/22
**interbranch [1]** 23/1
**interest [2]** 6/6 13/19
**interested [1]** 10/21
**interpleader [3]** 12/5 13/17 16/22
**intervene [1]** 17/20
**investigative [1]** 18/19
**involved [1]** 18/18
**ironically [1]** 17/10
**is [67]**
**isn't [4]** 14/12 18/9 22/7 23/12
**issue [8]** 11/17 11/18 13/8 14/14 18/6 22/6 23/22 24/7
**issued [4]** 16/3 16/4 18/17 18/21
**issues [5]** 6/23 11/22 18/4 24/8 24/18
**it [55]**
**it's [14]** 10/4 10/8 13/8 13/21 14/9 16/12 18/14 18/14 20/19 20/24 23/14 23/16 23/17 25/23
**its [4]** 15/21 17/9 19/1 21/6

**J**

**Jackson [2]** 22/8 23/10
**January [1]** 18/5
**job [3]** 6/10 25/24 26/5
**Jodie [1]** 5/19
**Jodie Morse [1]** 5/19
**jodie.morse [1]** 2/7
**Jody [1]** 5/5
**Jody Hunt [1]** 5/5
**joined [1]** 7/1
**Josephine [1]** 2/3
**JUDGE [8]** 1/11 4/14 4/21 14/4 14/17 22/8 23/10 24/11
**Judge Bates' [1]** 14/4
**Judge Jackson [2]** 22/8 23/10
**Judge Leon [1]** 4/14
**judgment [3]** 8/21 11/25 13/21
**judicial [1]** 13/23
**jurisdiction [3]** 15/5 17/20 23/3
**jurisdictional [5]** 10/22 12/7 17/1 19/25 22/6
**just [14]** 7/3 11/4 15/23 16/21 17/11 18/6 18/9 18/14 19/1 21/10 21/17 22/11 22/19 25/13
**justice [6]** 2/11 4/25 9/14 12/17 15/15 22/10
**justiciability [4]** 10/22 11/6 12/7 22/6
**justiciable [5]** 11/17 13/8 19/12 22/21 24/6
**justiciably [1]** 11/11

**K**

**keep [1]** 16/2
**kind [2]** 8/14 11/25
**Kirk [4]** 1/13 1/14 4/15 4/19
**Klayman [1]** 25/22
**know [6]** 6/14 11/15 12/1 21/2 21/3 21/6
**knows [2]** 9/6 10/1
**KUPPERMAN [18]** 1/3 4/8 4/17 9/4 9/6 9/16 10/6 10/20 12/16 12/19 12/23 13/5 13/23 15/22 16/19 17/6 17/13 22/18
**Kupperman's [1]** 7/8

**L**

**large [1]** 26/3
**last [1]** 5/20
**laudatory [1]** 20/19
**lead [1]** 14/22
**learning [1]** 9/14
**least [3]** 7/24 23/20 23/23
**leave [4]** 5/6 8/9 14/19 16/3
**lectern [1]** 4/11
**legal [3]** 8/24 9/15 26/3
**LEON [4]** 1/10 4/4 4/14 24/11
**less [2]** 25/1 25/3
**let [5]** 14/24 15/23 16/21 22/11 23/5
**let's [1]** 12/2
**liability [2]** 12/19 23/7
**light [3]** 8/9 15/25 21/17
**like [5]** 8/11 10/14 10/24 15/7 19/16
**limited [3]** 9/1 9/2 9/25
**litigants [1]** 20/3
**litigated [1]** 24/19
**litigation [4]** 16/24 18/8 20/23 21/1
**little [1]** 21/6
**look [1]** 12/9
**looking [2]** 8/15 19/5
**lost [1]** 22/21
**lot [2]** 18/5 24/20

**M**

**ma'am [1]** 21/15
**made [1]** 19/25
**mail.house.gov [2]** 2/7 2/7
**make [11]** 7/18 7/19 13/3 14/25 15/7 18/11 19/1 19/9 20/3 22/11 25/3
**makes [1]** 19/24
**Maloney [1]** 5/17
**many [1]** 9/14
**matter [6]** 4/16 6/5 6/6 21/4 25/23 27/4
**may [5]** 8/10 10/23 11/10 20/25 25/11
**Maybe [1]** 24/10
**McConnell [1]** 25/21
**McGhan [1]** 17/12
**me [14]** 4/18 5/2 5/18 9/25 12/12 14/24 15/23 16/21 21/22 22/2 22/4 22/5 22/11 25/4
**mean [1]** 7/1
**means [2]** 14/1 14/2
**mechanical [1]** 3/7
**mechanism [3]** 23/3 23/18 24/3
**Merit [1]** 3/2
**merits [8]** 9/5 10/21 11/12 11/13 12/8 12/13 13/16 17/1
**methodologies [1]** 24/1
**Michael [2]** 1/13 4/19
**Michael Kirk [1]** 4/19
**middle [2]** 19/15 23/2
**Miers [1]** 14/5
**might [5]** 6/9 6/24 6/25 11/24 20/21
**mind [1]** 11/3
**mindful [2]** 6/21 14/4
**miscarriage [1]** 15/15
**mistakenly [1]** 13/2
**mkirk [1]** 1/16
**modifying [1]** 6/15
**momentous [1]** 13/24
**month [1]** 24/17
**Mooppan [2]** 2/11 5/2
**more [4]** 17/25 21/7 21/8 25/4
**more-efficient [1]** 17/25
**Morse [2]** 2/3 5/19
**motion [9]** 8/20 11/1 11/24 11/25 12/1 12/6 15/19 19/9 20/11
**motions [1]** 24/9
**move [6]** 6/7 6/19 7/5 7/9 19/11 24/12
**moving [2]** 19/6 21/23
**Mr. [8]** 6/1 6/23 14/16 14/20 16/23 17/6 17/13 21/16
**Mr. Bolten [1]** 6/23
**Mr. Cooper [4]** 6/1 14/16 16/23 21/16
**Mr. Kupperman [2]** 17/6 17/13
**Mr. Tatelman [1]** 14/20
**Ms. [2]** 19/20 24/16
**Ms. Shapiro [2]** 19/20 24/16
**much [2]** 7/9 19/19
**muss [1]** 22/15
**must [1]** 12/18
**my [12]** 4/15 4/18 6/18 8/14 11/3 11/9 12/4 16/22 23/2 23/6 24/10 24/11
**myself [1]** 21/13

**N**

**name [5]** 4/12 4/15 5/20 23/21 23/22
**named [1]** 23/21
**names [1]** 8/2
**nature [5]** 9/2 9/2 13/17 22/3 24/17
**necessarily [1]** 18/10
**need [8]** 7/19 8/23 11/23 16/7 18/23 19/22 21/8 21/20
**Neither [1]** 17/22
**New [1]** 1/14
**next [4]** 8/10 11/24 19/10 22/1
**no [18]** 1/5 4/8 8/23 9/5 11/3 12/18 13/14 15/5 15/12 20/16 21/10 22/14 22/15 22/24 23/2 23/3 26/9 26/11
**none [1]** 10/17
**norms [1]** 15/16
**not [31]**
**noticed [1]** 6/13
**notion [1]** 17/2
**November [2]** 24/23 25/14
**now [10]** 4/3 6/9 7/3 8/10 14/13 15/8 16/2 20/25 22/8 26/14
**NW [3]** 1/14 2/13 3/4

**O**

**oath [1]** 12/25
**Obama [1]** 25/22
**obligation [1]** 14/1
**observation [1]** 22/11
**observations [1]** 21/17
**obviously [4]** 6/5 6/10 6/17 25/17
**occur [3]** 8/3 8/10 18/8
**October [2]** 1/6 27/7
**off [1]** 12/22
**offer [1]** 22/7
**offered [1]** 22/7
**Office [4]** 2/4 2/5 9/14 10/2
**official [3]** 2/10 3/3 5/1
**Okay [4]** 16/16 20/13 20/17 24/1
**one [13]** 10/4 11/1 13/4 13/11 13/20 13/22 17/23 18/14 18/25 24/4 25/1 25/3 25/3
**ones [1]** 10/17
**only [4]** 10/1 18/17 18/21 18/23
**open [1]** 16/3
**operate [1]** 16/24
**opinion [3]** 14/5 18/4 20/23
**opinions [1]** 11/16
**opportunity [2]** 12/10 19/16
**opposing [1]** 12/6
**oral [3]** 7/6 18/2 25/9
**order [1]** 4/6
**other [12]** 7/25 8/19 9/1 11/25 12/20 13/4 13/12 15/9 15/12 19/1 22/14 25/25
**ought [1]** 16/24
**our [6]** 7/15 9/6 12/15 13/19 14/13 23/20
**out [1]** 23/5
**outcome [1]** 12/24
**outset [2]** 14/24 15/8

## O

**Oval [1]** 10/2
**over [3]** 23/10 24/6 24/8
**overarching [2]** 6/18 7/8
**Oversight [1]** 5/17
**own [4]** 15/2 17/9 17/19 19/1

## P

**p.m [2]** 1/7 26/16
**papers [1]** 13/16
**part [1]** 20/19
**participation [1]** 9/3
**particular [3]** 14/14 15/1 24/21
**parties [7]** 4/13 7/20 11/2 12/22 13/20 13/22 15/10
**partner [2]** 4/18 6/2
**party [1]** 4/12
**passed [2]** 6/11 15/25
**passing [1]** 6/15
**pause [1]** 20/21
**Pelosi [1]** 5/16
**pending [1]** 21/11
**people [4]** 9/25 10/12 10/16 25/16
**perceived [1]** 21/21
**percent [1]** 15/22
**perfectly [1]** 9/18
**performing [1]** 13/25
**perhaps [1]** 9/24
**Permanent [1]** 18/22
**persuade [2]** 12/7 12/9
**pertaining [1]** 8/1
**place [3]** 16/5 20/3 25/25
**placed [1]** 11/11
**plaintiff [7]** 1/4 1/13 4/16 5/25 12/5 13/17 24/24
**plaintiffs [3]** 15/10 16/22 26/8
**plan [5]** 6/24 10/20 16/5 16/5 24/9
**planning [1]** 6/14
**play [2]** 12/2 24/1
**pleadings [2]** 13/10 13/14
**please [2]** 4/6 4/11
**PLLC [1]** 1/14
**plus [1]** 11/5
**point [3]** 8/20 13/9 16/6
**points [1]** 22/22
**political [1]** 24/5
**Porteous [1]** 15/3
**portion [1]** 6/12
**position [4]** 15/9 16/25 17/15 17/21
**possibility [4]** 6/22 7/20 7/22 18/25
**possible [6]** 6/8 6/19 7/9 19/3 19/7 23/7
**possibly [3]** 8/1 23/4 23/6
**posture [2]** 21/14 23/17
**potential [2]** 20/22 20/23
**potentially [2]** 17/25 17/25
**powers [1]** 11/17
**precedent [2]** 14/12 15/2
**prediction [1]** 24/10
**prepared [6]** 9/19 19/8 19/9 19/11 19/17 20/5
**prescribed [1]** 15/13
**present [2]** 11/19 24/6
**President [4]** 2/10 5/1 9/13 10/9
**President Trump [1]** 5/1
**President's [4]** 9/13 10/2 12/16 14/2
**presiding [2]** 4/4 23/10
**presumably [1]** 12/17
**pretty [1]** 16/10
**preventing [1]** 17/16
**previously [1]** 16/3
**probably [3]** 5/23 10/11 12/12
**procedural [1]** 23/3
**proceed [1]** 13/23
**proceeding [3]** 9/10 10/18 22/3
**proceedings [6]** 1/10 3/7 9/3 21/23 26/16 27/4
**process [4]** 7/5 17/24 18/6 18/19
**produced [1]** 3/7
**Programs [4]** 2/12 5/9 5/10 21/5
**prolonging [1]** 18/9
**promptly [1]** 7/17
**properly [2]** 11/11 17/6
**propose [1]** 20/8
**prove [1]** 5/24
**provide [1]** 14/1
**prowess [1]** 21/4
**public [2]** 6/5 21/24
**publicly [1]** 6/22
**punch [1]** 11/7
**pure [1]** 8/24
**purpose [1]** 15/12
**pursuant [1]** 15/6
**pursue [1]** 18/23
**put [8]** 7/19 10/23 10/23 15/10 16/23 17/6 20/2 22/1

## Q

**question [9]** 8/24 11/3 13/3 13/24 16/4 16/7 16/10 16/12 17/4
**questions [3]** 17/1 26/7 26/10
**quick [2]** 12/10 19/23
**quicker [1]** 18/1
**quickly [5]** 7/9 18/12 19/6 19/13 19/16

## R

**raise [2]** 16/25 24/9
**rather [1]** 25/3
**re [1]** 7/22
**re-adjustment [1]** 7/22
**reach [1]** 19/15
**read [1]** 25/2
**real [1]** 19/22
**realistic [2]** 20/9 20/20
**really [3]** 13/17 13/19 14/12
**Realtime [1]** 3/3
**reasonably [1]** 6/8
**recess [2]** 26/12 26/14
**record [2]** 4/12 27/3
**recorded [1]** 3/7
**Reform [1]** 5/17
**Registered [1]** 3/2
**reissue [1]** 16/1
**relative [1]** 20/2
**relatively [1]** 18/12
**relief [1]** 11/18
**reply [2]** 25/6 25/8
**reported [1]** 6/22
**Reporter [4]** 3/2 3/2 3/3 3/3
**reports [1]** 21/24
**represent [5]** 4/13 4/16 6/23 11/10 19/7
**REPRESENTATIVES [7]** 1/6 2/2 2/4 4/9 5/15 5/15 9/9
**representing [3]** 5/1 5/15 12/4
**request [1]** 8/14
**reservoir [1]** 21/4
**reservoirs [1]** 26/3
**reset [2]** 7/3 7/4
**resisting [2]** 10/22 12/6
**resolution [8]** 6/11 6/15 6/20 11/11 13/24 15/25 16/2 18/5
**resolve [3]** 18/1 23/4 24/7
**resolved [2]** 20/1 20/1
**respect [8]** 9/22 11/13 14/2 15/5 16/11 17/11 18/16 19/17
**respond [2]** 11/2 24/24
**result [1]** 6/15
**return [1]** 26/15
**reveal [1]** 6/25
**RICHARD [2]** 1/10 4/4
**right [16]** 5/23 7/16 12/25 14/13 14/22 15/8 18/20 19/19 20/24 21/12 22/8 22/13 23/12 23/13 24/15 25/10
**rise [2]** 4/2 26/13
**risk [1]** 13/4
**risking [1]** 12/19
**RMR [2]** 27/2 27/8
**road [1]** 20/24
**role [1]** 12/4
**roll [1]** 25/24
**Room [1]** 3/5
**routes [1]** 17/24
**running [1]** 16/4
**runs [1]** 15/1

## S

**said [2]** 10/25 21/13
**sake [1]** 8/18
**same [5]** 6/24 7/24 20/7 22/9 24/8
**satisfy [2]** 9/18 9/19
**save [1]** 4/4
**say [8]** 8/10 10/25 12/23 14/24 16/9 16/21 19/5 21/10
**saying [2]** 12/17 22/16
**says [1]** 9/20
**schedule [8]** 6/20 7/3 8/8 8/15 8/16 18/2 19/6 20/20
**scheduling [1]** 5/24
**Schiff [1]** 5/16
**scope [1]** 13/12
**seated [1]** 4/6
**second [5]** 7/15 8/19 15/24 18/3 25/25
**see [1]** 15/9
**seek [3]** 8/9 17/16 17/20
**seeks [1]** 13/6
**seem [1]** 6/23
**seems [1]** 17/2
**Select [1]** 18/22
**SENIOR [1]** 1/11
**sense [3]** 7/2 11/23 19/24
**serene [1]** 13/25
**seriously [1]** 6/7
**serves [1]** 15/12
**session [1]** 4/4
**set [4]** 7/2 8/7 21/21 25/9
**sets [1]** 18/2
**setting [1]** 7/10
**several [1]** 15/3
**shape [1]** 6/25
**Shapiro [4]** 2/10 4/25 19/20 24/16
**shelf [1]** 22/5
**should [4]** 5/24 7/21 8/4 21/12
**side [4]** 8/9 8/14 8/19 13/10
**similarities [1]** 14/9
**since [1]** 6/22
**single [1]** 18/17
**sir [1]** 15/24
**situation [5]** 13/13 14/6 15/1 20/2 21/3
**six [1]** 22/21
**sleeves [1]** 25/24
**slightly [1]** 8/1
**slow [1]** 8/4
**small [3]** 10/1 10/13 10/18
**so [24]** 6/6 6/19 6/21 7/2 8/18 9/21 10/20 11/9 11/16 11/21 12/1 13/7 14/8 14/12 15/18 19/18 20/9 20/24 21/11 23/25 24/24 25/1 25/15 26/4
**So it's [1]** 20/24
**some [6]** 6/24 6/24 7/2 8/20 11/23 11/25
**something [4]** 8/11 10/14 13/1 25/2
**sometime [1]** 7/6
**somewhere [1]** 10/11
**soon [1]** 6/19
**speak [1]** 6/4
**Speaker [1]** 5/16
**Speaker Pelosi [1]** 5/16
**speech [2]** 15/6 19/25
**speech-and-debate [1]** 19/25
**speed [4]** 7/10 8/5 19/11 21/11
**spell [1]** 5/20
**spent [1]** 11/4
**square [1]** 12/22
**stance [1]** 16/22
**stand [1]** 26/12
**stands [1]** 26/14
**start [1]** 5/25
**STATES [6]** 1/1 1/11 4/2 4/5 4/9 10/16
**status [3]** 1/10 7/10 21/22
**stenography [1]** 3/7
**step [2]** 12/11 17/1
**stop [1]** 15/23
**streamline [1]** 7/5
**Street [1]** 2/13
**strongly [1]** 15/11
**study [1]** 7/14
**submit [2]** 18/13 20/8
**subpoena [12]** 9/8 9/21 12/15 12/18 15/17 15/21 17/10 17/14 18/17 18/21 22/17 23/12
**subpoenas [3]** 16/1 16/2 16/15
**subsequent [2]** 7/4 18/8
**substantial [1]** 16/10
**such [1]** 7/10
**sue [1]** 22/17
**suggest [1]** 22/2
**suggested [1]** 22/12
**suggesting [1]** 21/25
**suggests [1]** 22/4
**suing [1]** 23/11
**summary [2]** 8/20 11/25
**supported [1]** 9/13
**supports [1]** 15/4
**Supreme [2]** 15/2 15/4
**Supreme Court [2]** 15/2 15/4
**sure [6]** 12/15 14/15 14/15 20/10 25/12 26/4

## T

**T-a-t-e-l-m-a-n [1]** 5/21
**table [3]** 5/2 5/6 5/18

**T**

**take [6]** 8/6 14/21 19/14 21/6 21/12 25/25
**taken [1]** 18/8
**takes [1]** 6/7
**talent [1]** 26/3
**Talk [3]** 25/19 25/20 25/21
**Tatelman [4]** 2/3 5/14 5/21 14/20
**telegraphed [1]** 11/7
**telling [1]** 6/10
**tends [1]** 22/1
**terms [2]** 19/5 21/11
**testified [1]** 10/17
**testify [2]** 9/17 9/21
**testifying [1]** 17/17
**testimonial [3]** 9/15 9/23 14/3
**testimony [1]** 9/10
**than [9]** 7/25 14/6 15/12 18/6 21/7 21/8 23/14 25/1 25/3
**thank [15]** 4/22 5/11 5/12 5/22 7/7 14/16 14/17 19/19 21/14 21/15 21/19 24/14 26/6 26/9 26/11
**thank you [12]** 4/22 5/11 5/12 5/22 7/7 14/16 21/14 21/15 21/19 24/14 26/6 26/9
**Thank you very much [1]** 19/19
**Thanksgiving [2]** 24/25 25/14
**that [123]**
**that's [28]**
**their [12]** 11/7 12/13 16/25 17/19 17/21 21/3 21/3 22/17 23/20 24/23 25/8 26/3
**them [5]** 9/18 11/14 12/14 17/15 23/5
**themselves [1]** 17/20
**then [6]** 8/4 12/2 12/9 12/10 17/1 25/6
**there [19]** 6/9 7/12 8/23 11/6 11/16 13/10 13/13 14/12 15/5 15/8 15/23 16/14 17/5 18/18 21/20 22/13 22/24 23/2 23/3
**there's [12]** 6/21 11/3 18/25 19/22 19/24 21/10 22/6 22/20 24/4 24/19 24/20 25/15
**thereby [1]** 16/3
**therefore [2]** 13/22 13/24
**these [11]** 11/2 11/21 12/22 13/20 13/22 16/25 18/11 24/5 24/8 24/9 24/18
**they [19]** 9/3 10/25 11/18 16/4 16/13 16/18 16/18 16/25 17/15 17/18 20/21 20/25 21/6 22/6 22/17 22/17 23/5 24/8 24/9
**They're [2]** 18/22 22/16
**thing [4]** 9/1 12/25 13/4 13/5
**things [1]** 18/9
**think [18]** 9/1 9/23 11/7 14/21 17/5 19/12 19/12 19/14 19/22 19/24 21/11 21/20 21/20 21/25 22/9 23/25 24/1 24/4
**thinking [1]** 20/16
**this [61]**
**those [5]** 17/22 17/23 18/23 21/17 24/11
**though [1]** 16/9
**thought [1]** 24/19
**thoughts [1]** 24/12
**three [3]** 9/8 18/15 18/18
**threshold [1]** 15/9
**through [2]** 18/6 24/19
**thus [2]** 10/5 10/17
**time [4]** 20/7 21/7 21/8 21/12
**timetable [1]** 21/24
**titled [1]** 27/4
**today [4]** 6/9 7/12 8/8 21/22
**today's [1]** 15/25
**Todd [2]** 2/3 5/14
**Todd Tatelman [1]** 5/14
**todd.tatelman [1]** 2/7
**traditional [2]** 16/24 17/2
**transcript [3]** 1/10 3/7 27/3
**transcription [1]** 3/7
**tried [1]** 23/1
**true [1]** 22/9
**Trump [2]** 2/9 5/1
**try [1]** 23/8
**trying [2]** 7/2 12/7
**Tuesday [4]** 19/10 20/15 20/16 22/1
**two [5]** 11/24 17/5 19/1 24/22 24/24

**U**

**U.S [3]** 2/4 2/11 3/4
**U.S.A [2]** 1/7 2/3
**Uh [1]** 9/11
**Uh-huh [1]** 9/11
**unacceptable [1]** 17/15
**under [3]** 12/25 20/20 22/25
**understand [2]** 7/14 9/25
**understanding [1]** 13/25
**understands [1]** 22/2
**understood [1]** 22/23
**unfold [1]** 9/3
**UNITED [6]** 1/1 1/11 4/2 4/5 4/9 10/16
**United States of [2]** 4/9 10/16
**unless [1]** 6/1
**until [4]** 19/14 25/7 25/7 26/14
**up [3]** 6/1 22/8 25/24
**uphold [1]** 13/1
**upon [1]** 9/13
**urgency [1]** 6/6
**urgent [2]** 21/24 22/3
**us [2]** 5/4 7/6
**usdoj.gov [1]** 2/14

**V**

**Vacations [1]** 25/25
**valid [3]** 9/20 15/22 16/18
**versus [4]** 4/8 15/3 25/21 25/22
**very [21]** 5/11 6/7 7/9 7/13 9/25 10/1 11/21 14/25 15/7 15/11 16/21 19/13 19/13 19/16 19/16 19/19 20/13 21/5 21/24 23/14 24/8
**view [1]** 15/14
**violate [1]** 13/2
**volition [2]** 17/9 17/19
**votes [1]** 18/7

**W**

**wait [1]** 10/25
**want [7]** 6/1 6/9 6/17 14/25 20/21 21/16 22/17
**wanted [1]** 18/11
**wants [5]** 6/7 8/6 14/18 17/9 20/6
**was [7]** 6/11 14/5 16/23 18/17 18/17 18/21 20/1
**Washington [5]** 1/6 1/15 2/6 2/13 3/5
**wasn't [1]** 20/16
**way [11]** 6/16 6/24 7/5 9/23 13/9 13/11 16/24 18/1 20/6 22/13 25/15
**ways [1]** 22/14
**we [41]**
**we believe [4]** 15/11 16/17 16/18 16/19
**we will [2]** 7/17 19/9
**We'll [2]** 23/22 26/12
**we're [8]** 5/23 7/11 7/18 19/17 20/5 21/11 23/20 24/12
**we've [2]** 7/19 23/21
**week [2]** 8/10 18/3
**weekend [2]** 25/2 25/15
**weeks [3]** 11/24 24/22 24/24
**Welcome [2]** 4/20 4/23
**well [20]** 6/23 7/13 8/22 9/2 10/24 11/4 11/15 11/15 12/2 14/4 16/6 17/5 20/9 20/11 22/13 22/19 23/7 23/16 24/16 24/25
**were [8]** 6/9 6/14 8/7 11/6 13/7 16/3 16/4 25/13
**what [15]** 5/8 5/23 6/17 7/14 7/19 10/25 11/7 11/23 13/5 13/9 21/3 22/21 23/7 24/2 24/2
**What's [1]** 16/5
**when [2]** 21/21 25/23
**where [4]** 12/21 15/4 23/11 23/23
**whether [4]** 13/11 14/1 16/4 17/9
**which [12]** 6/11 6/23 8/8 10/11 13/20 13/22 17/6 17/10 22/25 23/3 23/19 24/6
**whichever [2]** 9/19 14/18
**White [2]** 17/12 17/14
**White House [2]** 17/12 17/14
**who [4]** 10/17 25/19 25/20 26/4
**why [1]** 15/18
**will [25]** 4/11 7/1 7/1 7/5 7/17 8/19 9/21 10/3 10/23 11/7 12/13 12/13 14/21 16/13 17/19 18/3 18/13 19/5 19/9 19/13 19/14 22/17 24/5 24/6 24/8
**William [4]** 3/2 27/2 27/7 27/8
**wins [2]** 13/20 13/22
**wishes [1]** 17/13
**within [2]** 10/18 11/24
**without [1]** 12/19
**witness [2]** 10/4 10/6
**won't [1]** 12/12
**work [3]** 21/6 23/5 24/20
**worked [1]** 25/20
**would [30]**
**wouldn't [1]** 17/23
**wrestled [1]** 11/22
**written [1]** 21/1
**wrong [2]** 13/5 24/10

**Y**

**Yeah [1]** 13/18
**years [1]** 15/3
**yes [13]** 5/10 9/2 10/10 10/15 12/3 12/8 14/7 14/11 15/20 16/11 19/4 19/21 20/12
**yield [1]** 12/18
**you [64]**
**you'll [1]** 11/2
**you're [3]** 15/18 20/9 25/17
**you've [1]** 21/17
**your [57]**
**Your Honor [40]**
**Your Honor's [1]** 17/5
**yourself [1]** 4/12

**Z**

**Zaremba [4]** 3/2 27/2 27/7 27/8