**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHARLES M. KUPPERMAN, *Plaintiff*, v. UNITED STATES HOUSE OF REPRESENTATIVES, *et al.*, *Defendant*. | Civil Action No. 19-3224 (RJL) |

## NOTICE

I write to answer a question posed by the Court at the October 31, 2019, status conference in this case and to seek clarification of the Court's briefing order in light of remarks made by the Court at that status conference.

1. The Court asked whether Plaintiff "plann[ed] … on modifying or amending the complaint" in light of the resolution adopted by the House shortly before the status conference began on October 31. Transcript of Oct. 31, 2019 Status Conference at 6. We have now had the opportunity to review the House's October 31 Resolution, and we have concluded that declaratory relief is no longer necessary on the question whether the subpoena issued by the House Defendants to Plaintiff is authorized by, and valid under, House Rules. We expect to file an amended complaint in the coming days that will eliminate that request. As we represented during the October 31 status conference, the amended complaint will not give rise to any need to amend the briefing schedule adopted by the Court.

2. The Court observed at the status conference that this case "is a matter of great public interest and a matter of great urgency to the country," and for that reason the Court emphasized that its "overarching concern is that we get all this done as soon as possible so we can move

forward with a briefing schedule … and bring this case to a resolution." *Id*. Given the national importance of resolving this case as expeditiously as possible in light of the House's pending impeachment proceedings, the Court placed the case on a very aggressive briefing schedule and suggested that it hoped to resolve this case "by the end of December or early January." *Id*. at 18.

3. In order to ensure that the Court is able to achieve this objective, we respectfully submit that the Court should clarify its order setting a briefing schedule to expressly specify that the parties taking a position on the merits (i.e., the House Defendants and the President) should set forth their merits arguments in their briefs in addition to any jurisdictional and/or justiciability arguments they wish to advance. Complete briefing of all the issues will enable the Court to enter final judgment in the case on the ambitious, but achievable, schedule it has adopted. If, however, the parties were to limit their briefs to jurisdiction and/or justiciability and the Court rejects Defendants' arguments, a second round of briefing on the merits would be necessary, thus frustrating the Court's ability to resolve this case as expeditiously as possible.

4. Briefing the merits of the constitutional issues presented in this case should not impose any hardship on the Defendants. Both the House Defendants and the President have briefed and argued in the *McGahn* case the merits of the question whether a Presidential assertion of absolute immunity against congressional process for a close senior advisor overrides a House subpoena, so they will not be prejudiced by an express requirement that they set forth their arguments in this case.

November 4, 2019                                  Respectfully submitted,

/s/Charles J. Cooper
Charles J. Cooper, Bar No. 248070
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW

Washington, DC 20036  
Telephone: (202) 220-9600  
Facsimile: (202) 220-9601  
Email: ccooper@cooperkirk.com

*Counsel for Plaintiff Charles M. Kupperman*