IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES M. KUPPERMAN, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES HOUSE OF REPRESENTATIVES, *et al.*, <br><br> *Defendants*. | No. 19-cv-3224 (RJL) |

### HOUSE DEFENDANTS' NOTICE OF MOOTNESS AND MOTION TO VACATE BRIEFING SCHEDULE

The subpoena at issue in this matter has been withdrawn and there is no current intention to reissue it. Therefore, this matter is moot and should be dismissed. At minimum, because Plaintiff Charles M. Kupperman faces no pending, imminent, or foreseeable injury, Defendants the United States House of Representatives, Nancy Pelosi, Adam B. Schiff, Eliot L. Engel, and Carolyn B. Maloney (the House Defendants) respectfully request that the Court vacate the current expedited briefing schedule. Counsel for the House Defendants have conferred with counsel for Plaintiff and for Defendant Donald J. Trump, and understand that Plaintiff will state his position in response to this motion, and that Defendant Trump takes no position at this time, but reserves the right to respond.

**1.** On October 25, 2019, the House Permanent Select Committee on Intelligence (HPSCI) issued a subpoena to Plaintiff compelling him to appear for a deposition on October 28, 2019, in connection with the House's impeachment inquiry. Compl. ¶ 14 (Oct. 25, 2019), ECF No. 1; *see* Compl., Ex. A. On the same day the subpoena was issued, the White House instructed Plaintiff "not to appear and testify in response to the subpoena," asserting a purported

1

"'constitutional immunity of current and former senior advisors to the President.'" *Id.* ¶ 18; *see id.*, Ex. B.  Also on October 25, Plaintiff filed this suit, requesting that this Court declare (1) whether HPSCI's subpoena "is authorized by, and valid under, House Rules," and (2) whether "the President's assertion of immunity from Congressional process on behalf of Plaintiff is valid and binding on Plaintiff." *Id.*, Prayer for Relief ¶ A(1), (2).

Plaintiff declined to appear at his deposition scheduled for October 28, 2019. Subsequently, Plaintiff notified the parties and this Court that, due to the adoption of House Resolution 660 (2019), "declaratory relief is no longer necessary" as to the first question above: whether HPSCI's subpoena "is authorized by, and valid under, House Rules."  Notice at 1 (Nov. 4, 2019), ECF No. 20.

Under the current schedule, Defendants "shall file any dispositive motions they intend to bring in this case" by November 14, 2019.  Order (Nov. 4, 2019), ECF No. 19.  Under the standard schedule that would otherwise govern, Defendants' response to the complaint would be due by December 27, 2019.  *See* Pl.'s Affidavit of Service (Nov. 1, 2019), ECF No. 16; Fed. R. Civ. P. 12(a)(2).

**2.**  On November 5, 2019, HPSCI withdrew the subpoena to Plaintiff that is the subject of this suit.  *See* Ex. A.  In light of the status of the House's impeachment inquiry, House Defendants have no current intention to reissue the subpoena to Plaintiff.  Accordingly, Plaintiff has no current or reasonably foreseeable "duty to comply with a lawful constitutional subpoena issued to him by a duly authorized committee of the House of Representatives."  Compl. ¶ 42.

Even setting aside other jurisdictional barriers to proceeding here, *see* 10/31 Hr'g Tr. at 14-15, ECF No. 15, this case should be dismissed as moot.  *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) ("If an intervening circumstance deprives the plaintiff of a personal

stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." (quotation marks omitted)); *Cierco v. Mnuchin*, 857 F.3d 407, 415 (D.C. Cir. 2017) (voluntary cessation exception to mootness "does not apply" where challenged governmental action "ha[s] been completely withdrawn" and there is no "likelihood that [the government] will reissue the withdrawn" action, such that the plaintiff "cannot now show that [he is] likely to suffer the same injury in the future").

If the Court declines to dismiss this matter outright, House Defendants respectfully request that the Court vacate the expedited briefing schedule currently in place. The withdrawal of the subpoena at issue here has eliminated any present, impending, or foreseeable injury to Plaintiff. At minimum, there is no good cause for expedition. If the Court does not dismiss this action or vacate the expedited briefing schedule currently in place, returning this case to the standard schedule,[1] counsel for House Defendants respectfully request a status conference to discuss an alternative briefing schedule at the Court's earliest convenience.

                              Respectfully submitted,

                              */s/ Douglas N. Letter*
                              Douglas N. Letter (DC Bar No. 253492)
                                  *General Counsel*
                              Todd B. Tatelman (VA Bar No. 66008)
                                  *Deputy General Counsel*
                              Megan Barbero (MA Bar No. 668854)
                                  *Associate General Counsel*
                              Josephine Morse (DC Bar No. 1531317)
                                  *Associate General Counsel*
                              Adam A. Grogg (DC Bar No. 1552438)
                                  *Assistant General Counsel*

---

[1] In the event that the Court does not dismiss this action, the House Defendants anticipate filing a motion to dismiss under Federal Rule of Civil Procedure 12 at the appropriate time.

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
douglas.letter@mail.house.gov

*Counsel for House Defendants*

November 6, 2019