# Exhibit A

### Congress of the United States
#### Washington, DC 20515

November 5, 2019

Michael W. Kirk, Esq. & Charles J. Cooper, Esq.
Cooper & Kirk PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Dear Messrs. Kirk and Cooper:

The House Permanent Select Committee on Intelligence, in consultation with the Committee on Foreign Affairs and the Committee on Oversight and Reform, hereby withdraws its subpoena, which the Intelligence Committee served on your client, Dr. Charles M. Kupperman, on October 25, 2019.

As your November 4, 2019, notice to the court acknowledges, due to passage by the House of Representatives on October 31, 2019, of H. Res. 660, your client's request for declaratory relief "is no longer necessary on the question whether the subpoena issued by the House Defendants to Plaintiff is authorized by, and valid under, House Rules." You informed the court that you would file an amended complaint "that will eliminate that request."[1]

Having conceded that the Intelligence Committee's subpoena is valid and authorized, your complaint raises a single remaining request before the court: that, notwithstanding substantial jurisdictional deficiencies, the court should decide whether Dr. Kupperman, a former government official, may defy a duly authorized subpoena at the direction of the White House on a theory advanced by the Department of Justice's Office of Legal Counsel that he is "absolutely immune" from compelled congressional testimony.

The question whether the Executive Branch's "absolute immunity" theory has any basis in law is currently before the court in *Committee on the Judiciary v. McGahn*, No. 19-cv-2379 (D.D.C. filed Aug. 7, 2019). In addition to not suffering from the jurisdictional flaws in Dr. Kupperman's suit, *McGahn* is procedurally much further along. In *McGahn*, cross-motions for summary judgment presenting the absolute immunity question are fully briefed, and oral argument was held on October 31, 2019. At that hearing, the judge stated that she "underst[ood] . . . the need for expedition" and that she would "do [her] best to turn [an opinion] around as quickly as possible." *McGahn* is, therefore, much closer to resolution by the court than Dr. Kupperman's flawed suit.

Unless your lawsuit was admittedly only for purposes of delay, and without a subpoena in force, the Committees expect that your client will voluntarily dismiss the complaint he filed in the United States District Court for the District of Columbia on the same day he received the Committee's subpoena and be guided by the decision in *McGahn*.

---

[1] Pl.'s Notice at 1, *Kupperman v. U.S. House of Representatives* (D.D.C. filed Nov. 4, 2019), ECF No. 20.

Michael W. Kirk, Esq. & Charles J. Cooper, Esq.
Page 2

      Dr. Kupperman still has an opportunity to fulfill his solemn constitutional duty. Like the many dedicated public servants who have appeared before the Committees despite White House efforts to prevent or limit their testimony—including current and former White House officials who worked alongside your client—Dr. Kupperman can still add his testimony to the inquiry's record.

      The House's impeachment inquiry will not countenance, however, further efforts by witnesses or the White House to delay or otherwise obstruct the Committees' vital investigatory work. As the Committees have made clear, noncooperation at the direction of President Trump shall constitute evidence of obstruction of the impeachment inquiry and may be used as a basis for drawing an adverse inference against the President.

                              Sincerely,

_____  
Eliot L. Engel  
Chairman  
House Committee on Foreign Affairs

_____  
Adam B. Schiff  
Chairman  
House Permanent Select Committee  
  on Intelligence

_____  
Carolyn B. Maloney  
Acting Chairwoman  
House Committee on Oversight and Reform

cc:     The Honorable Devin Nunes, Ranking Member  
        House Permanent Select Committee on Intelligence

        The Honorable Michael McCaul, Ranking Member  
        House Committee on Foreign Affairs

        The Honorable Jim Jordan, Ranking Member  
        House Committee on Oversight and Reform