# Exhibit 2

**THE WHITE HOUSE**

WASHINGTON

November 8, 2019

Mr. William Pittard
KaiserDillon PLLC
1099 14th Street, N.W.
Washington, D.C. 20005

Dear Mr. Pittard:

    I write in response to your request regarding the subpoena issued to your client, Mick Mulvaney, by the Permanent Select Committee on Intelligence of the United States House of Representatives (the "Committee") on November 7, 2019. The subpoena directs Mr. Mulvaney to appear to testify at a deposition at 9:00 a.m. on November 8, 2019.

    The Department of Justice (the "Department") has advised me that Mr. Mulvaney is absolutely immune from compelled congressional testimony with respect to matters related to his service as a senior adviser to the President. *See* Letter to Pat A. Cipollone, Counsel to the President, from Steven A. Engel, Assistant Attorney General, Office of Legal Counsel (Nov. 7, 2019). The Department has long taken the position—across administrations of both political parties—that "the President and his immediate advisers are absolutely immune from testimonial compulsion by a Congressional committee." *Immunity of the Former Counsel to the President from Compelled Congressional Testimony*, 31 Op. O.L.C. 191, 191 (2007) (quoting *Assertion of Executive Privilege with Respect to Clemency Decision*, 23 Op. O.L.C. 1, 4 (1999) (opinion of Attorney General Janet Reno)); *Immunity of the Counsel to the President from Compelled Congressional Testimony*, 20 Op. O.L.C. 308, 308 (1996). That immunity arises from the President's position as head of the Executive Branch and from Mr. Mulvaney's position as a senior adviser to the President, specifically Assistant to the President and Acting White House Chief of Staff.

    As the Department's letter states, Mr. Mulvaney qualifies as a senior presidential adviser entitled to immunity. The Department's opinions on this topic have consistently recognized that this immunity extends to immediate advisers "'who customarily meet with the President on a regular or frequent basis,' and upon whom the President relies directly for candid and sound advice." *Immunity of the Assistant to the President and Director of the Office of Political Strategy and Outreach from Congressional Subpoena*, 38 Op. O.L.C. \_\_, at *2 (June 15, 2014) (quoting Memorandum from William H. Rehnquist, Assistant Attorney General, Office of Legal Counsel, *Re: Power of Congressional Committee to Compel Appearance or Testimony of "White House Staff"* at 7 (Feb. 5, 1971)). Accordingly, Mr. Mulvaney cannot be compelled to appear before the Committee because "[s]ubjecting a senior presidential advisor to the congressional subpoena power would be akin to requiring the President himself to appear before Congress on matters

relating to the performance of his constitutionally assigned executive functions." *Assertion of Executive Privilege with Respect to Clemency Decision*, 23 Op. O.L.C. at 5. The constitutional immunity of current and former senior advisers to the President exists to protect the institution of the Presidency and, as stated by former Attorney General Reno, "may not be overborne by competing congressional interests." *Id.*

Accordingly, in order to protect the prerogatives of the Office of President today and in the future, and in response to your request, the President directs Mr. Mulvaney not to appear at the Committee's scheduled deposition on November 8, 2019. This long-standing principle is firmly rooted in the Constitution's separation of powers and protects the core functions of the Presidency, and this office is adhering to this well-established precedent in order to allow future Presidents to effectively execute the responsibilities of the Office of President. I also attach the letter opinion provided by the Department regarding Mr. Mulvaney's immunity.

Thank you for your attention to this matter. Please do not hesitate to contact me or Mike Purpura if you have any questions.

Sincerely,

Pat A. Cipollone
*Counsel to the President*



**U.S. Department of Justice**

Office of Legal Counsel

---

Office of the Assistant Attorney General　　　　　　　　　　　　*Washington, D.C. 20530*

November 7, 2019

Pat A. Cipollone
Counsel to the President
The White House
Washington, DC 20500

Dear Mr. Cipollone:

　　On November 7, 2019, the Permanent Select Committee on Intelligence of the House of Representatives issued a subpoena seeking to compel Mick Mulvaney, Assistant to the President and Acting White House Chief of Staff, to testify at a deposition on Friday, November 8. The Committee subpoenaed Mr. Mulvaney as part of its impeachment inquiry into the conduct of the President. *See* H.R. Res. 660, 116th Cong. (2019). You have asked whether the Committee may compel him to testify. We conclude that Mr. Mulvaney is absolutely immune from compelled congressional testimony in his capacity as a senior adviser to the President.

　　The Executive Branch has taken the position for decades that "Congress may not constitutionally compel the President's senior advisers to testify about their official duties." *Testimonial Immunity Before Congress of the Former Counsel to the President*, 43 Op. O.L.C. __, at *1 (May 20, 2019). The immunity applies to those "immediate advisers . . . who customarily meet with the President on a regular or frequent basis." Memorandum for John D. Ehrlichman, Assistant to the President for Domestic Affairs, from William H. Rehnquist, Assistant Attorney General, Office of Legal Counsel, *Re: Power of Congressional Committee to Compel Appearance or Testimony of "White House Staff"* at 7 (Feb. 5, 1971) ("Rehnquist Memorandum"). We recently advised you that this immunity applies in an impeachment inquiry just as in a legislative oversight inquiry. *See* Letter for Pat A. Cipollone, Counsel to the President, from Steven A. Engel, Assistant Attorney General, Office of Legal Counsel at 2 (Nov. 3, 2019). "Even when impeachment proceedings are underway," we explained, "the President must remain able to continue to discharge the duties of his office. The testimonial immunity of the President's senior advisers remains an important limitation to protect the independence and autonomy of the President himself." *Id.*

　　This immunity applies in connection with the Committee's subpoena for Mr. Mulvaney's testimony. The Committee intends to question Mr. Mulvaney about matters related to his official duties at the White House—specifically the President's conduct of foreign relations with Ukraine. *See* Letter for Mick Mulvaney from Adam B. Schiff, Chairman, House Permanent Select Committee on Intelligence, et al. (Nov. 5, 2019). And Mr. Mulvaney, as Acting Chief of Staff, is a "top presidential adviser[]," *In re Sealed Case*, 121 F.3d 729, 757 (D.C. Cir. 1997), who works closely with the President in supervising the staff within the Executive Office of the President and managing the advice the President receives. *See* David B. Cohen & Charles E. Walcott, White House Transition Project, Report 2017-21, *The Office of Chief of Staff* 15–26

(2017). Mr. Mulvaney meets with and advises the President on a daily basis about the most sensitive issues confronting the government. Thus, he readily qualifies as an "immediate adviser[]" who may not be compelled to testify before Congress. Rehnquist Memorandum at 7.

This conclusion also follows from this Office's prior recognition that certain *Deputy* White House Chiefs of Staff were immune from compelled congressional testimony. *See* Letter for Pat A. Cipollone, Counsel to the President, from Steven A. Engel, Assistant Attorney General, Office of Legal Counsel (Sept. 16, 2019) (former Deputy Chief of Staff for Policy Implementation Rick Dearborn); Letter for Fred F. Fielding, Counsel to the President, from Steven G. Bradbury, Principal Deputy Assistant Attorney General, Office of Legal Counsel (Aug. 1, 2007) (Deputy White House Chief of Staff Karl Rove). In addition, as we have noted with respect to other recently issued subpoenas, testimonial immunity is particularly justified because the Committee seeks Mr. Mulvaney's testimony about the President's conduct of relations with a foreign government. *See, e.g.*, Letter for Pat A. Cipollone, Counsel to the President, from Steven A. Engel, Assistant Attorney General, Office of Legal Counsel at 2–3 (Oct. 25, 2019); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 812 n.19 (1982) ("[A] derivative claim to Presidential immunity would be strongest in such 'central' Presidential domains as foreign policy and national security, in which the President could not discharge his singularly vital mandate without delegating functions nearly as sensitive as his own.").

Please let us know if we may be of further assistance.

Steven A. Engel
Assistant Attorney General