# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES M. KUPPERMAN, *Plaintiff*, v. UNITED STATES HOUSE OF REPRESENTATIVES, *et al.*, *Defendants*. | No. 19-cv-3224 (RJL) |

## HOUSE DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE

Mick Mulvaney, Acting Chief of Staff to the President, seeks to intervene in this case brought by Charles Kupperman, a former Presidential advisor, which challenges a now-withdrawn subpoena. Mulvaney's proposed complaint seeks different relief than Kupperman's complaint, concerns a different subpoena, and names additional defendants. Mulvaney has not satisfied the standards for either intervention as of right or permissive intervention under Federal Rule of Civil Procedure 24, and his motion should be denied.

First, this case is moot, and the Court should reject Mulvaney's attempt to join it. The subpoena to Kupperman, which provides the sole basis for the injury he asserts in his complaint, has been withdrawn. And given the status of the House's impeachment inquiry, the House Defendants have determined that they will not reissue a subpoena to Kupperman. It is "axiomatic that intervention will not be permitted to breathe life into a 'nonexistent' lawsuit." *McClune v. Shamah*, 593 F.2d 482, 486 (3d Cir. 1979) (quotation marks omitted).

Second, Mulvaney would not be entitled to intervene even if Kupperman's case were not moot. Mulvaney lacks Article III standing to challenge a now-withdrawn subpoena issued to

somebody else. In any event, Mulvaney is differently situated from Kupperman in several important respects that make clear that he lacks a cognizable interest in Kupperman's case. While Kupperman seeks a declaration from this Court as to whether he should comply with his subpoena or follow the President's directive, Mulvaney seeks only a declaration that the House Defendants cannot compel him to comply with his subpoena or take any action against him if he does not. Unlike Kupperman, Mulvaney does not state that he would comply with his subpoena if this Court rejects the claimed absolute immunity. And, unlike Kupperman, Mulvaney remains subject to a subpoena that has not been withdrawn. Because Mulvaney lacks an interest in how this Court resolves Kupperman's suit, Mulvaney is not entitled to intervene as of right.

Finally, permissive intervention is inappropriate for substantially the same reasons. That is particularly the case because, given his position in the White House, Mulvaney likely played a role in the decision to assert absolute immunity as to him—a decision that Mulvaney now asks this Court to address. The Court should reject such gamesmanship and deny Mulvaney's motion.

## BACKGROUND

**1.** On October 25, 2019, the House Permanent Select Committee on Intelligence (HPSCI) issued a subpoena to Kupperman, the former Deputy National Security Advisor and Acting National Security Advisor to the President, compelling Kupperman's appearance at an October 28 deposition in the House's impeachment inquiry. Compl. ¶ 14 (Oct. 25, 2019), ECF No. 1. Also on October 25, the White House instructed Kupperman not to appear on the theory that, as a former Presidential advisor, he is absolutely immune from Congressional process. *Id.* ¶ 18. Later that day, Kupperman filed this suit, seeking a declaration as to (1) whether HPSCI's subpoena was "authorized by, and valid under, House Rules," and (2) whether "the President's

assertion of immunity from Congressional process on behalf of Plaintiff is valid and binding on Plaintiff." *Id.*, Prayer for Relief ¶ A(1), (2).

Kupperman declined to appear at his deposition on October 28. On October 31, the House adopted House Resolution 660, which directed six committees, including HSPCI, "to continue their ongoing investigations as part of the existing House of Representatives inquiry into whether sufficient grounds exist for the House of Representatives to exercise its Constitutional power to impeach Donald John Trump, President of the United States of America." H. Res. 660, at 1 (2019). Following the House's adoption of this resolution, Kupperman notified the parties and this Court that "declaratory relief is no longer necessary" as to whether HPSCI's subpoena was "authorized by, and valid under, House Rules." Notice at 1 (Nov. 4, 2019), ECF No. 20. Accordingly, Kupperman now seeks only a declaration whether "the President's assertion of immunity from Congressional process on behalf of [Kupperman] is valid and binding on [him]." Compl., Prayer for Relief ¶ A(2).

On November 5, HPSCI withdrew the subpoena to Kupperman. *See* House Defs.' Notice of Mootness (Nov. 6, 2019), ECF No. 22. Given the status of the House's impeachment inquiry, HPSCI will not reissue a subpoena to Kupperman.

**2.** On November 5, 2019, HPSCI requested that Mulvaney, the Acting White House Chief of Staff, appear voluntarily for a deposition on November 8 in the House's impeachment inquiry.[1] On November 7, HPSCI issued a subpoena to Mulvaney compelling his appearance for that deposition. Mot. to Intervene (Mot.) (Nov. 8, 2019), ECF No. 26, Ex. 1 at 1. On November 8, the day of Mulvaney's scheduled deposition, the White House instructed Mulvaney "not to

---

[1] Letter from HPSCI Chairman Schiff, *et al.*, to Acting White House Chief of Staff Mulvaney (Nov. 5, 2019), https://perma.cc/2JHM-7HQY.

3

appear," asserting that Mulvaney "is absolutely immune from compelled congressional testimony with respect to matters related to his service as a senior adviser to the President." *Id.*, Ex. 2 at 1-2.  Mulvaney failed to appear at his deposition.

Later that same day, Mulvaney filed this motion to intervene as a plaintiff in Kupperman's suit.  Mulvaney's proposed complaint names as defendants the House of Representatives; Nancy Pelosi, Speaker of the House; Adam B. Schiff, Chairman of HPSCI; Eliot L. Engel, Chairman of the House Committee on Foreign Affairs; Carolyn B. Maloney, Acting Chair of the House Committee on Oversight and Reform (collectively, House Defendants); and President Trump, *see id.*, Ex. 3 ¶¶ 10-11, 13, 15, 17-18, all of whom Kupperman also named as defendants, *see* Compl. ¶¶ 7-12.  Mulvaney's proposed complaint also names as additional defendants HPSCI, the House Committee on Foreign Affairs, and the House Committee on Oversight and Reform.  *See* Mot., Ex. 3 ¶¶ 12, 14, 16.

Mulvaney's proposed Prayer for Relief requests that this Court "[d]eclare whether [the House defendants Mulvaney names] may compel [him] to testify where the President has instructed him, as a close personal advisor, not to do so on grounds of immunity," and "[d]eclare that [the House defendants Mulvaney names] may not take adverse action against [him] based on his decision to follow the President's directive to assert that immunity at a time when the Judicial Branch had not definitively resolved the question." *Id.*, Ex. 3, proposed Prayer for Relief ¶ A.

**ARGUMENT**

I.   **Mulvaney Cannot Intervene in a Moot Case**

**1.**  This case is moot, and Mulvaney cannot intervene in a moot case.  HPSCI has withdrawn the subpoena to Kupperman.  He therefore is no longer subject to "competing demands of both the Legislative and Executive Branches," which is the sole injury his complaint alleged.  Compl. ¶ 1.  Because Kupperman suffers no ongoing injury, it would be "impossible for

4

[this Court] to grant any effectual relief" to him.  *Decker v. Nw. Envt'l Defense Ctr.*, 568 U.S. 597, 609 (2013) (quotation marks omitted).  Furthermore, because the House Defendants have made clear that they will not reissue a subpoena to Kupperman—and thus that his alleged injury cannot reasonably be expected to recur—this case does not fall within the voluntary cessation exception to mootness.  *See Doe v. Gates*, 828 F. Supp. 2d 266, 271 (D.D.C. 2011) (Leon, J.) ("Where a defendant voluntarily ceases the allegedly illegal activity, dismissal is warranted so long as the behavior could not reasonably be expected to recur." (quotation marks omitted)); *see also Worth v. Jackson*, 451 F.3d 854, 861 (D.C. Cir. 2006) (the Supreme Court has entertained challenges to repealed statutes only "where the governing body expressed an intent to re-enact the allegedly defective law").

    **2.**  Because Kupperman's suit is moot, Mulvaney cannot revive it by intervening.  "Intervention cannot cure any jurisdictional defect that would have barred the federal court from hearing the original action."  Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1917 (3d ed.).  "Intervention presupposes the pendency of an action in a court of competent jurisdiction and cannot create jurisdiction if none existed before."  *Id.*  It is, therefore, "axiomatic that intervention will not be permitted to breathe life into a 'nonexistent' lawsuit."  *McClune*, 593 F.2d at 486 (quotation marks omitted).

    Accordingly, courts have refused to authorize intervention in suits, like this one, that present no Article III case or controversy at the time intervention is sought.  The Tenth Circuit has recognized that mootness "depriv[es] [courts] of jurisdiction to consider the motion[] for intervention."  *Tosco Corp. v. Hodel*, 804 F.2d 590, 592 (10th Cir. 1986).  Likewise, the Eighth Circuit has held that where the plaintiffs lacked standing, "there was no basis for intervention under Rule 24," because there was no live Article III controversy in which to intervene.  *Mattice*

*v. Meyer*, 353 F.2d 316, 319 (8th Cir. 1965). Judges of this Court have similarly refused to authorize intervention in moot cases. One rejected an attempt to intervene as "an obvious effort to revitalize a suit which [the plaintiff] would otherwise have no basis for litigating." *Naartex Consulting Corp. v. Watt*, 542 F. Supp. 1196, 1205 (D.D.C. 1982). Another explained that because the plaintiffs' claims were moot, "there [was] no longer an action in which to intervene," and noted that the putative intervenors "[we]re free, of course, to file their own actions." *Reynolds v. Shalala*, No. 93-cv-977, 1995 WL 434452, at *3 (D.D.C. July 12, 1995). Numerous other courts have held the same. *See, e.g.*, *Black v. Cent. Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974) ("By its very nature intervention presupposes pendency of an action in a court of competent jurisdiction.").

More recently, the D.C. Circuit allowed a party to intervene, but only after concluding that the underlying suit was not moot. *See Roane v. Leonhart*, 741 F.3d 147, 150 (D.C. Cir. 2014) ("This suit still presents a live controversy, and we must consider the merits of Paul's argument that he is entitled to intervene."). If it were possible to intervene in a moot case, the D.C. Circuit's mootness analysis in that case would have been unnecessary.

## II. Mulvaney Cannot Intervene as of Right

**1.** Mulvaney lacks Article III standing to intervene as a plaintiff in Kupperman's action because Mulvaney cannot establish injury in fact, causation, and redressability. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732 (D.C. Cir. 2003) (quotation marks omitted) ("[B]ecause a Rule 24 intervenor seeks to participate on an equal footing with the original parties to the suit, he must satisfy the standing requirements imposed on those parties." (quotation marks omitted)); *see also Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017). As discussed in detail below, Mulvaney cannot assert an injury with respect to the now-withdrawn subpoena that had been issued to Kupperman. Mulvaney seeks no relief with respect to

Kupperman's withdrawn subpoena and different relief as to his own subpoena, which underscores his lack of a cognizable interest in Kupperman's suit.

    **2.**  Even if intervention in a moot case in which Mulvaney lacks standing were permissible, Mulvaney's motion to intervene should still be denied because he has failed to demonstrate a legally protectable interest in the outcome of Kupperman's suit.  To intervene as of right, Mulvaney must establish that he has an "interest relating to the … transaction which is the subject of [this] action." *Fund for Animals*, 322 F.3d at 731 (quotation marks omitted). "This prerequisite is satisfied not by *any* interest the applicant can put forward, but only by a legally protectable one." *Defenders of Wildlife v. Jackson*, 284 F.R.D. 1, 6 (D.D.C. 2012) (alterations and quotation marks omitted), *aff'd in part, appeal dismissed in part sub nom. Defenders of Wildlife v. Perciasepe*, 714 F.3d 1317 (D.C. Cir. 2013).  "A legally protectable interest is of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment."  *Id.* (quotation marks omitted).

    Mulvaney erroneously claims, in attempting to satisfy this requirement, that the "relevant transaction here[]" is the "decision" by the House defendants that he purports to name, "in their ongoing impeachment inquiry, to issue subpoenas to close personal advisors of the President." Mot. at 5 (quotation marks omitted).  But the mere existence of the House's impeachment inquiry and the issuance of subpoenas does not provide Mulvaney with a legally protectable interest in Kupperman's suit.  Kupperman's suit concerns the now-withdrawn subpoena to Kupperman.  *See, e.g.*, Compl. ¶ 1.  By contrast, Mulvaney's proposed claim—and his only potentially cognizable interest—concerns the subpoena to *him*, and the White House's assertion that *he* is absolutely immune.  *See, e.g.*, Mot., Ex. 3 ¶ 2.  Mulvaney does not—and cannot— assert any injury with respect to the now-withdrawn subpoena to Kupperman.  *See id.*, Ex. 3.

Numerous important differences between Mulvaney and Kupperman illustrate that Mulvaney lacks an interest in how this Court resolves Kupperman's suit. Unlike Kupperman, *see* Compl. ¶ 49, Mulvaney does not state that he will comply with his subpoena if the Court rejects the asserted absolute immunity. Instead, Mulvaney seeks a declaration whether he can be compelled to testify in light of the President's assertion of absolute immunity, and "to be insulated from adverse action by the House Defendants based on his having followed the President's order at a time before the Judicial Branch had definitely resolved the questions at issue." Mot., Ex. 3 ¶ 44. Thus, while Kupperman's complaint sought a judicial resolution regarding then-conflicting commands by Congress and the President, Mulvaney asks this Court to bless his defiance of his subpoena—which stands to reason given that he is the current Acting Chief of Staff to the President who has asserted absolute immunity on Mulvaney's behalf.

In fact, Mulvaney emphasizes the differences between his situation and that of Kupperman. *See id.* at 6. Among other things, Mulvaney is subject to a pending subpoena while Kupperman is not; Mulvaney is a current White House employee while Kupperman is not; and Mulvaney's role in the White House differs from Kupperman's former role. Mulvaney also purports to name additional defendants, *see id.* at 7-8, and seeks different relief, *compare* Compl., Prayer for Relief ¶ A(2) *with* Mot., Ex. 3, proposed Prayer for Relief ¶ A. In addition, Mulvaney is also differently situated than Kupperman insofar as the evidence gathered in the House's impeachment inquiry suggests that Mulvaney was a central player and enabler of the President's alleged misconduct.

Thus, even setting aside all the reasons why this Court cannot reach the merits of Kupperman's suit—including those House Defendants will argue in their forthcoming motion to dismiss—the differences between Kupperman's complaint and Mulvaney's undercut Mulvaney's

claim to intervention as of right. *See, e.g.*, *Wagdy v. Sullivan*, No. 16-cv-2164, 2018 WL 2304785, at *4 (D.D.C. May 18, 2018) (denying intervention as of right because "the resolution of [plaintiff's] claims would not have any preclusive effect on [purported intervenor's] future actions," and because a purported intervenor must "'set forth … [a] specific interest with respect to the [pending] action [and] … explain[] how disposition of' plaintiff's claims would … 'impede[] his ability to protect any specific interest of his own'" (alterations omitted) (quoting *Schoenman v. FBI*, 263 F.R.D. 23, 25 (D.D.C. 2009)).  Because Mulvaney will not "either gain or lose by the direct legal operation and effect of the judgment" in Kupperman's suit, he cannot establish the requisite legally protectable interest. *Id.* (quotation marks omitted); *accord Defenders of Wildlife*, 284 F.R.D. at 6.  For the same reasons, Mulvaney also cannot establish that "the disposition of [this] action may as a practical matter impair or impede [his] ability to protect [his] interest," *Fund for Animals*, 322 F.3d at 735 (quotation marks omitted)—which, again, relates to HPSCI's subpoena to *Mulvaney* and the President's claim of absolute immunity as to *Mulvaney*, not as to Kupperman.[2]

---

[2] Mulvaney's claim that he risks adverse action if this Court determines that HPSCI's withdrawn subpoena to Kupperman was enforceable, *see* Mot. at 6, is pure speculation and does not overcome these defects.  In issuing the subpoena to Mulvaney, HPSCI stated that his failure to comply with *that* subpoena "shall constitute evidence that may be used against [him] in a contempt proceeding." *Id.*, Ex. 1 at 1.  Any conjecture about how HPSCI's decisionmaking with respect to Mulvaney might be affected by any opinion on the merits of HPSCI's withdrawn subpoena to Kupperman is unavailing.  "An interest that is contingent upon the occurrence of a sequence of events before it becomes colorable[] will not satisfy Rule 24." *United States v. Microsoft Corp.*, Nos. 98-cv-1232, 98-cv1233, 2002 WL 319784, at *2 (D.D.C. Jan. 28, 2002) (alterations omitted) (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)); *see, e.g.*, *Colo. River Cutthroat Trout v. Salazar*, No. 09-cv-2233, 2010 WL 11575619, at *2 (D.D.C. May 17, 2010) (denying intervention as of right where the outcome of the lawsuit would "not directly result" in an injury to the proposed intervenor's interest, and "conclud[ing] that any potential injury to [the proposed intervenor's] interest" was "so attenuated and speculative that" the proposed intervenor could "[]not meet the requirements for intervention of right").

**III.     Permissive Intervention Should Be Denied**

Mulvaney should not be permitted to intervene. It would be an abuse of discretion to permit intervention in a moot case. *See Koon v. United States*, 518 U.S. 81, 100 (1996) (an error of law is an abuse of discretion). Moreover, for the reasons set forth above, Mulvaney's claim does not "share with [Kupperman's] action a common question of law or fact." Fed. R. Civ. P. 24(b). Among other differences, Mulvaney is subject to a pending subpoena while Kupperman is not; Mulvaney is a current White House employee while Kupperman is not; and Mulvaney asserts different claims for relief against parties that are not named as defendants in Kupperman's complaint. *See, e.g.*, *Colo. River Cutthroat Trout*, 2010 WL 11575619, at *2 (denying permissive intervention where the court's "review [would] not address [the] issue" of concern to the proposed intervenor, such that the Court's decision would not leave the proposed intervenor "without a remedy to protect its interest").

As Mulvaney concedes, his claim differs from Kupperman's. *See* Mot. at 6. Indeed, given Mulvaney's position in the White House, he likely played a role in the very decision to assert absolute immunity that he now asks this Court to address. It would be particularly inappropriate to allow Mulvaney permissive intervention to challenge a decision that he likely played a role in making.[3]

## CONCLUSION

Mulvaney's motion to intervene should be denied.

---

[3] While intervention should be denied, this Court "has broad discretion to permit … participation in this suit as an *amicus curiae*," *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007), and House Defendants would not oppose a request by Mulvaney to file an amicus brief in this matter.

10

                                            Respectfully submitted,

                                            */s/ Douglas N. Letter*
                                            Douglas N. Letter (DC Bar No. 253492)
                                                *General Counsel*
                                            Todd B. Tatelman (VA Bar No. 66008)
                                                *Deputy General Counsel*
                                            Megan Barbero (MA Bar No. 668854)
                                                *Associate General Counsel*
                                            Josephine Morse (DC Bar No. 1531317)
                                                *Associate General Counsel*
                                            Adam A. Grogg (DC Bar No. 1552438)
                                                *Assistant General Counsel*
                                            OFFICE OF GENERAL COUNSEL
                                            U.S. HOUSE OF REPRESENTATIVES
                                            219 Cannon House Office Building
                                            Washington, DC  20515
                                            Telephone: (202) 225-9700
                                            douglas.letter@mail.house.gov

                                            *Counsel for House Defendants*

November 11, 2019