**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**CHARLES M. KUPPERMAN,**

**Plaintiff,**

**JOHN MICHAEL MULVANEY,**

**Proposed Intervenor-Plaintiff**

**v.**

**UNITED STATES HOUSE OF REPRESENTATIVES,**

**THE HONORABLE DONALD J. TRUMP, In his official capacity as President of the United States,**

**THE HONORABLE NANCY PELOSI, In her official capacity as Speaker of the United States House of Representatives,**

**THE HOUSE PERMANENT SELECT COMMITTEE ON INTELLIGENCE,**

**THE HONORABLE ADAM B. SCHIFF, In his personal capacity as Chairman of the House Permanent Select Committee on Intelligence,**

**THE HOUSE COMMITTEE ON FOREIGN AFFAIRS,**

**THE HONORABLE ELIOT L. ENGEL, In his official capacity as Chairman of the House Committee on Foreign Affairs,**

**THE HOUSE COMMITTEE ON OVERSIGHT AND REFORM,**

**THE HONORABLE CAROLYN B. MALONEY, In her official capacity as Acting Chair of the House Committee on Oversight and Reform,**

**Case No. 19-cv-03224-RJL**

**Defendants.**

**CABLE NEWS NETWORK, INC.,**

**THE ASSOCIATED PRESS,**

**THE NEW YORK TIMES CO.,**

**DOW JONES & COMPANY, INC.,**

**POLITICO LLC,**

**REUTERS NEWS & MEDIA INC.,**

**WP CO., LLC,**
**d/b/a THE WASHINGTON POST,**

**Proposed Intervenors.**

**EMERGENCY MOTION TO INTERVENE AND FOR ACCESS TO HEARING**

Proposed Intervenors Cable News Network, Inc.; The Associated Press; Dow Jones & Company, Inc.; The New York Times Company; POLITICO LLC; Reuters News & Media, Inc.; and WP Co., LLC, d/b/a/ the Washington Post (collectively, the "Media Coalition"), by and through their undersigned attorneys, respectfully seek pursuant to Federal Rule of Civil Procedure 24(b) to intervene for the limited purpose of asserting the public's right of access to court proceedings, and respectfully move this Court for an order allowing their representatives access to the telephonic hearing in the above-captioned matter scheduled for 5:00 p.m. today, November 11, 2019.

As the Court knows, the instant litigation involves an urgent and unprecedented separation-of-powers question involving impeachment proceedings against the President of the United States. Consequently, the public interest in this litigation, and today's hearing in particular, could not be greater.

The D.C. Circuit has repeatedly recognized the "strong presumption in favor of public access to judicial *proceedings*" including in civil cases such as this one. *EEOC v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (1996) (emphasis added).[1] This common-law right of access to proceedings and documents in civil cases is not absolute, however. *CNN, Inc. v. FBI*, 384 F. Supp. 3d 20, 42 (D.D.C. 2019). To determine whether access should be granted to a document or proceeding, the Court must weigh whether the litigants' "interest in secrecy outweighs the public's interest in disclosure." *Id.* (citation omitted). Sealing a document or proceeding in a civil case requires that the Court make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re McCormick & Co., Pepper Prods. Mktg. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 468 (D.D.C. 2018) (citation omitted).

The D.C. Circuit has adopted a framework of factors for courts to consider in determining whether to order disclosure of judicial records under the common-law right of access, which also should apply to access to proceedings:

> (1) the need for public access to the [proceeding] at issue; (2) the extent of previous public access to the [proceeding]; (3) the fact that someone has objected to [access], and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing [access]; and (6) the purposes for which the documents were introduced during the judicial proceedings.[2]

---

[1] Although the D.C. Circuit has not addressed the issue, "most circuit courts have recognized that the First Amendment right of access extends to civil trials and some civil filings." *ACLU v. Holder*, 673 F.3d 245, 252 (4th Cir. 2011) (collecting cases).

[2] The sixth *Hubbard* factor is not relevant here because it was unique to that case, "in which a private party sought to prevent disclosure of documents recovered during a search." *In re Application of N.Y. Times Co. for Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 92 n.13 (D.D.C. 2008).

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (citing *United States v. Hubbard,* 650 F.2d 293, 317-22 (D.C. Cir. 1980) (additional citation omitted)).

Here, all five relevant factors favor access. First, the need for contemporaneous public access to this proceeding could not be greater, given that this matter involves momentous constitutional questions regarding separation of powers and impeachment. Second, this action itself has been public, including the previous hearing. Third, the Media Coalition is unaware of any party objecting to public access to this hearing. Fourth, the Media Coalition is unaware of any property or privacy rights asserted in favor of closing the hearing, and respectfully submits that no such interests exist in this high-profile matter. Fifth, no party would be prejudiced by providing contemporaneous access to the hearing.

Because there is no interest in secrecy in this hearing, let alone an interest that would override the public's strong interest in contemporaneous access, the Media Coalition respectfully requests that its representatives be provided access to the hearing.

The Media Coalition understands the Court's need for efficiency and conservation of resources in this extraordinary matter, given the importance of the issues involved and the fact that today is Veterans' Day, a national holiday. Therefore, the Media Coalition states that in the event its representatives are provided access to the telephonic hearing, they will listen to the proceedings and not interrupt them in any way.

WHEREFORE, the Media Coalition respectfully requests that the Court grant this motion and allow access to its representatives to the telephonic hearing in this matter scheduled for 5:00 p.m. today, November 11, 2019. The Media Coalition respectfully requests that its counsel be provided with the telephonic dial-in to allow the requested access.

Dated: November 11, 2019

Respectfully submitted,

By: /s/ Matthew E. Kelley
Jay Ward Brown (D.C. Bar No. 437686)
brownjay@balladspahr.com
Matthew E. Kelley (D.C. Bar No. 1018126)
kelleym@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 508-1136; F: (202) 661-2299
*Counsel for Proposed Intervenors*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 10, 2019, I caused the foregoing to be filed and served electronically via the Court's ECF system upon all counsel of record.

*/s/ Matthew E. Kelley*___
Matthew E. Kelley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CHARLES M. KUPPERMAN,**

**Plaintiff,**

**JOHN MICHAEL MULVANEY,**

**Proposed Intervenor-Plaintiff**

**v.**

**UNITED STATES HOUSE OF REPRESENTATIVES,**

**THE HONORABLE DONALD J. TRUMP, In his official capacity as President of the United States,**

**THE HONORABLE NANCY PELOSI, In her official capacity as Speaker of the United States House of Representatives,**

**THE HOUSE PERMANENT SELECT COMMITTEE ON INTELLIGENCE,**

**THE HONORABLE ADAM B. SCHIFF, In his personal capacity as Chairman of the House Permanent Select Committee on Intelligence,**

**THE HOUSE COMMITTEE ON FOREIGN AFFAIRS,**

**THE HONORABLE ELIOT L. ENGEL, In his official capacity as Chairman of the House Committee on Foreign Affairs,**

**THE HOUSE COMMITTEE ON OVERSIGHT AND REFORM,**

**THE HONORABLE CAROLYN B. MALONEY, In her official capacity as Acting Chair of the House Committee on Oversight and Reform,**

**Case No. 19-cv-03224-RJL**

**Defendants.**

**CABLE NEWS NETWORK, INC.,**

**THE ASSOCIATED PRESS,**

**THE NEW YORK TIMES CO.,**

**DOW JONES & COMPANY, INC.,**

**POLITICO LLC,**

**REUTERS NEWS & MEDIA INC.,**

**WP CO., LLC,
d/b/a THE WASHINGTON POST,**

**Proposed Intervenors**

**[PROPOSED] ORDER**

AND NOW, this ___ day of November, 2019, upon consideration of the Emergency Motion to Intervene and for Access to Hearing, it is hereby ORDERED that the motion is GRANTED. The Media Coalition is hereby granted leave to intervene in this matter for the limited purpose of seeking access to the telephonic hearing of November 11, 2019. It is further ORDERED that counsel for the Media Coalition shall be provided with the dial-in number for the telephonic hearing and shall allow representatives of the Media Coalition to listen to the proceedings only.

______________________________
United States District Judge