# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES M. KUPPERMAN, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES HOUSE OF ) <br> REPRESENTATIVES, *et al.*, ) <br> ) <br> *Defendants*, ) <br> ) <br> THE HONORABLE PAUL D. IRVING, ) <br> in his official capacity as Sergeant-at-Arms of the ) <br>    United States House of Representatives, ) <br> The United States Capitol, Room H-124 ) <br> Washington, D.C.  20515 ) <br> ) <br> *Proposed Defendant.* ) <br> ) | Civil Action No. 19-3224 (RJL) |

### PLAINTIFF'S MOTION TO ADD THE
### HONORABLE PAUL D. IRVING AS CO-DEFENDANT

Plaintiff Charles M. Kupperman respectfully moves, pursuant to Federal Rule of Civil Procedure 21, for an order adding The Honorable Paul D. Irving, in his official capacity as Sergeant-at-Arms of the United States House of Representatives, as a co-defendant in this matter.

Rule 21 permits a district court "[o]n motion or on its own" to "at any time, on just terms, add or drop a party." FED R. CIV. P. 21. The House Defendants, in their motion to dismiss, have argued that they are immune from suit by virtue of Article I's Speech or Debate Clause. *See* U.S. CONST. art. I, § 6, cl. 1. Plaintiff disagrees with that assertion of immunity for the reasons set forth in his opposition to the House Defendants' motion, filed today with the Court. *See* Pl's Mot. in Opp'n Part V. Nevertheless, in light of the risk that the House Defendants' invocation of immunity

poses to the justiciability of this suit, Plaintiff respectfully asks the Court to add the House's Sergeant-at-Arms as a co-defendant, because doing so may be "necessary to establish the existence of a justiciable case." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 834 n.8 (1989).

As Plaintiff describes in his opposition, even if the House Defendants are immune from suit, the Speech or Debate Clause does not here apply to the Sergeant-at-Arms. *See, e.g.*, *Kilbourn v. Thompson*, 103 U.S. 168, 203 (1880). Pursuant to House Rule II, clause 3(a), the Sergeant-at-Arms "shall execute the commands of the House, and all processes issued by authority thereof, directed to the Sergeant-at-Arms by the Speaker." *See* H.R. Rule II, Rules of the House of Representatives § 3, 116th Cong., (Jan. 11, 2019), https://tinyurl.com/tzxyel3.  The House Defendants have placed Plaintiff at imminent and substantial risk of being fined pursuant to the House's inherent contempt authority, and the Sergeant-at-Arms traditionally enforces the House's orders related to both inherent contempt and the imposition of fines. Therefore, should the House's subpoena be held to encroach upon the President's Article II testimonial privilege, Plaintiff's injury would be substantially redressed if the Court issued a declaratory judgment against the Sergeant-at-Arms.

Longstanding precedent supports an order adding the Sergeant-at-Arms under Rule 21 in order to guarantee the justiciability of this suit. It is well established that a district court may join additional parties under Rule 21 to ensure that the case before it presents a justiciable controversy. *See Mullaney v. Anderson*, 342 U.S. 415, 416-17 (1952) (adding two Plaintiffs under Rule 21 to cure a perceived lack of standing). This principle applies even if the presence or absence of certain parties may have otherwise been thought to render the case nonjusticiable when commenced. The D.C. Circuit has adopted "the fiction that Rule 21 relates back to the date of the complaint." *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011) (citing *LeBlanc v.*

*Cleveland*, 248 F.3d 95, 99 (2d Cir. 2001)). Therefore, courts may treat "jurisdictional spoilers," whose presence defeats federal jurisdiction, "as if the[y] were never part of the case," *id.*, and likewise may treat "jurisdictional enablers" as if they were *always* part of the case.

Joinder under Rule 21 is especially appropriate here in light of *Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996). There, Robert H. Swan, a former member of the Board of the National Credit Union Administration, sued President Clinton and two other officials, alleging that the President had unlawfully removed him from the Board. He sought a declaration that his removal was unlawful, along with injunctive relief reinstating him to his former position. *Id.* at 975. The President argued in defense – not unlike the current President's position in this litigation – that federal courts lack the "power to grant injunctive relief against the President of the United States in the exercise of his official duties." *Id.* at 976. The President's argument called into question Swan's Article III standing because it suggested that his alleged injury was not redressable. Nonetheless, the D.C. Circuit concluded that Swan could establish standing even without enjoining the President because "injunctive relief against [subordinate] officials could substantially redress his injury." *Id.* at 979.

But neither of the two subordinate officials that he had joined as co-defendants with the President possessed any authority to direct the Board's other members to treat Swan as a Board member. *Id.* The Court of Appeals held that this did not preclude justiciability, finding it "indisputable" that Swan would have joined the subordinate officials with the requisite authority had he thought that his suit the President and the other two subordinate officials "would not be sufficient to provide the relief he desires." *Id.* And because Swan's complaint explicitly requested

"such additional relief as the court shall deem just and proper,"[1] the D.C. Circuit held that it "would elevate form over substance in a case of this dimension not to treat Swan's complaint as if it also sought injunctive or declaratory relief against these [additional] individuals in their official capacity." *Id.* at 980.

The Court of Appeals invoked Rule 21 and the Supreme Court's decision in *Mullaney* as authority for adding the parties needed to preserve justiciability and avoid the "needless waste" of dismissing the complaint. *See id.* at 980 n.3 (quoting *Mullaney*, 342 U.S. at 417). Moreover, the D.C. Circuit saw nothing unfair about adding the additional officials as defendants, even at the appellate stage, noting that they were "all government officers who, if added, would be sued in their official capacity and would be represented by the Attorney General and United States Attorney," as were the existing defendants. *Id.* Therefore, the Court was "not concerned that they might suffer prejudice by being added as defendants at th[at] point in the proceedings." *Id.*

This case is on all fours with *Swan*. Indeed, the overlap of relevant facts is striking: A plaintiff sues government officers who claim an immunity that threatens to render the suit nonjusticiable. In order to guarantee the continued justiciability of the case, a subordinate officer could be joined as a defendant and had the plaintiff known that he would potentially not be able to obtain meaningful relief from the existing defendants, he indisputably would have added the subordinate officer as defendant when filing his complaint. And finally, that subordinate officer, sued in his official capacity, would be represented by House counsel who are already defending existing House Defendants, and he therefore will not suffer any prejudice by the joinder.

---

[1] Plaintiff has likewise prayed that this Court "[g]rant such other and further relief as may be just and proper under the circumstances." Compl. at 17.

Because this case is indistinguishable from *Swan*, Plaintiff respectfully submits that the Court should add Paul D. Irving, in his official capacity as Sergeant-at-Arms of the United States House of Representatives, as a co-defendant in this matter. Plaintiff has conferred with the President and with House Defendants. The President takes no position on this motion, and the House Defendants "will respond to [this] motion as appropriate."

November 27, 2019

Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper, Bar No. 248070
Michael W. Kirk, Bar No. 424648
J. Joel Alicea, Bar No. 1022784
Shelby Baird[*]

COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, DC  20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
Email: ccooper@cooperkirk.com

*Counsel for Plaintiff Charles M. Kupperman*

[*] D.C. Bar Application Pending; Admitted in Pennsylvania

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES M. KUPPERMAN,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES HOUSE OF<br>   REPRESENTATIVES, *et al.*,<br><br>*Defendants*,<br><br>THE HONORABLE PAUL D. IRVING,<br>in his official capacity as Sergeant at Arms of the<br>   United States House of Representatives,<br>The United States Capitol, Room H-124<br>Washington, D.C.  20515<br><br>*Proposed Defendant.* | Civil Action No. 19-3224 (RJL) |

## [PROPOSED] ORDER

Upon consideration of Plaintiff's Motion to Add the Honorable Paul D. Irving As Co-Defendant, any responses thereto, and the entire record herein, it is hereby

**ORDERED** that Plaintiff's motion is **GRANTED**;

The Honorable Paul D. Irving, Sergeant at Arms of the United States House of Representatives, is hereby added as a defendant in this case. The Clerk and the parties shall update the caption of this case accordingly.

**SO ORDERED.**

Dated:_____

                                                                                  _____<br>
                                                                                 HONORABLE RICHARD J. LEON<br>
                                                                                 United States District Court Judge