**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHARLES M. KUPPERMAN, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES HOUSE OF REPRESENTATIVES, *et al.*, <br><br> *Defendants*. | No. 19-cv-3224 (RJL) |

**HOUSE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ADD THE HONORABLE PAUL D. IRVING AS CO-DEFENDANT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

I.      This Court Should Deny Kupperman's Motion to Add the Sergeant-at-Arms .................. 1

         A.     Kupperman Lacks Standing to Sue the Sergeant-at-Arms Given the Lack of Any Allegations Regarding the Sergeant-at-Arms in the Complaint ..................... 2

         B.     Kupperman Lacks Standing to Assert Claims Against the Sergeant-at-Arms Even if the Allegations in His Motion Are Considered .......................................... 4

         C.     Any Claims Against the Sergeant-at-Arms Are Not Ripe ..................................... 6

         D.     Any Claims Against the Sergeant-at-Arms Are Not Plausible .............................. 6

CONCLUSION .................................................................................................................................. 6

**TABLE OF AUTHORITIES**

**CASES**

*Adkins v. Labor Ready, Inc.*,
 205 F.R.D. 460 (S.D. W.Va. 2001)..................................................................................3

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..........................................................................................................6

*Brainard v. Am. Skandia Life Assurance Corp.*,
 432 F.3d 655 (6th Cir. 2005) ...........................................................................................3

\* *Carter v. Carson*,
 241 F. Supp. 3d 191 (D.D.C. 2017) .................................................................................3

\* *Clapper v. Amnesty Int'l USA*,
 568 U.S. 398 (2013)......................................................................................................4, 6

*Devia v. Nuclear Regulatory Comm'n*,
 492 F.3d 421 (D.C. Cir. 2007) .........................................................................................6

*Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*,
 878 F.3d 371 (D.C. Cir. 2017) .........................................................................................5

*Foman v. Davis*,
 371 U.S. 178 (1962)..........................................................................................................2

*In re Interbank Funding Corp. Securities Litig.*,
 629 F.3d 213 (D.C. Cir. 2010) .........................................................................................2

\* *Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992)..................................................................................................2, 3, 6

*Middlebrooks v. Godwin Corp.*,
 722 F. Supp. 2d 82 (D.D.C. 2010) ...................................................................................3

*Mullaney v. Anderson*,
 342 U.S. 415 (1952)......................................................................................................3, 4

*Rutledge v. Town of Chatham*,
 No. 4:10-cv-35, 2010 WL 3835662 (W.D. Va. Sept. 30, 2010)......................................3

*Swan v. Clinton*,
 100 F.3d 973 (D.C. Cir. 1996) .........................................................................................4

*Texas v. United States*,
 523 U.S. 296 (1998)..........................................................................................................6


*Wash. Tennis & Educ. Found., Inc. v. Clark Nexsen, Inc.*,
    270 F. Supp. 3d 158 (D.D.C. 2017) ..................................................................................1, 2

**STATUTES**

2 U.S.C. § 192 ....................................................................................................................................5

2 U.S.C. § 194 ....................................................................................................................................5

**RULES**

* Fed. R. Civ. P. 12 ................................................................................................................ *passim*

Fed. R. Civ. P. 15 ..........................................................................................................................1, 2

* Fed. R. Civ. P. 21 ..................................................................................................................1, 2, 3, 4

**INTRODUCTION**

This Court should deny Plaintiff Charles M. Kupperman's request to add the Honorable Paul D. Irving, Sergeant-at-Arms of the United States House of Representatives, as a co-defendant in this matter under Federal Rule of Civil Procedure 21.[1]  Kupperman's request is just the latest in his efforts to manufacture federal jurisdiction where none exists.  This case is jurisdictionally and procedurally barred many times over, and adding the Sergeant-at-Arms as a defendant at the eleventh hour will not save it.

Kupperman's Rule 21 motion should be denied because adding the Sergeant-at-Arms would be futile for multiple independent reasons.  First, given that the complaint contains no allegations as to how the Sergeant-at-Arms has injured or will injure Kupperman, and indeed no allegations about the Sergeant-at-Arms at all, Kupperman lacks standing to sue the Sergeant-at-Arms.  Second, even if the allegations in Kupperman's motion were somehow treated as incorporated into the complaint, Kupperman still could not demonstrate either standing or ripeness.  Finally, even if Kupperman could overcome those hurdles, his claim would still need to be dismissed under Rule 12(b)(6) because any allegation that the Sergeant-at-Arms will take action against Kupperman is not remotely plausible.

**ARGUMENT**

**I.     This Court Should Deny Kupperman's Motion to Add the Sergeant-at-Arms**

Rule 21 allows the district court "[o]n motion or on its own" to "add or drop a party" "at any time, on just terms."  Fed. R. Civ. P. 21.  A court may deny a request to add a party for any of the reasons it can deny leave to amend a complaint under Rule 15(a).  *See Wash. Tennis &*

---

[1] *See* Pl.'s Mot. to Add the Hon. Paul D. Irving as Co-Defendant (Kupperman Mot.) (Nov. 27, 2019), ECF No. 43.

*Educ. Found., Inc. v. Clark Nexsen, Inc.*, 270 F. Supp. 3d 158, 167 (D.D.C. 2017) ("The standard for adding or dropping a party under Rule 15(a) also applies to Rule 21."). Most relevant here, a court may decline to add a defendant when doing so would be futile—*i.e.*, when a claim against the proposed defendant "would not survive a motion to dismiss." *In re Interbank Funding Corp. Securities Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("futility of amendment" is a proper ground for denying leave to amend a complaint). Here, adding the Sergeant-at-Arms would be futile because any claim against him would be subject to immediate dismissal for lack of jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), (6).[2]

### A. Kupperman Lacks Standing to Sue the Sergeant-at-Arms Given the Lack of Any Allegations Regarding the Sergeant-at-Arms in the Complaint

First, under Rule 12(b)(1), Kupperman lacks standing to sue the Sergeant-at-Arms. As Kupperman himself emphasizes, at the pleading stage, courts assess a plaintiff's standing on the basis of the facts as alleged in the complaint.[3] Yet Kupperman's complaint does not even mention the Sergeant-at-Arms, let alone identify him or describe his role in any alleged violations. Kupperman's complaint does not include *any* "factual allegations of injury resulting from [the Sergeant-at-Arms'] conduct," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), much less allegations of an injury attributable to the Sergeant-at-Arms that is "actual or imminent, not conjectural or hypothetical," *id.* at 560 (quotation marks omitted).

Likewise, Kupperman's complaint alleges no "causal connection" between any injury he asserts and "conduct" by the Sergeant-at-Arms, *id.*, making it entirely unlikely "that the injury

---

[2] The arguments in this brief as to why adding the Sergeant-at-Arms would be futile are set forth in substantially similar form in the House Defendants' Reply in Support of their Motion to Dismiss (Dec. 4, 2019), ECF No. 54.

[3] *See* Consolidated Mem. of Law in Opp'n to Defs.' Mot. to Dismiss (Kupperman MTD Opp'n) at 12-13 (Nov. 27, 2019), ECF No. 45.

2

will be redressed by a favorable decision," *id.* at 561 (quotation marks omitted). Because the complaint "would not contain any factual allegations relating to the" Sergeant-at-Arms if he were made an "additional defendant[]," adding him would be "futile." *Adkins v. Labor Ready, Inc.*, 205 F.R.D. 460, 462, 464-65 (S.D. W.Va. 2001); *see also Brainard v. Am. Skandia Life Assurance Corp.*, 432 F.3d 655, 666 (6th Cir. 2005) (no abuse of discretion in denying leave to add parties where plaintiffs "failed to allege how [the proposed defendant] was allegedly liable").

Kupperman cannot rely on statements in his Rule 21 motion to avoid dismissal. Where a plaintiff has "'failed to include … allegations in her complaint,'" courts "cannot consider … new information" in the plaintiff's briefs because a "'plaintiff may not amend her complaint by the briefs in opposition to a motion to dismiss.'" *Carter v. Carson*, 241 F. Supp. 3d 191, 197 (D.D.C. 2017) (Leon, J.) (quoting *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010), *aff'd*, 424 F. App'x 10 (D.C. Cir. 2011)); *see Rutledge v. Town of Chatham*, No. 4:10-cv-35, 2010 WL 3835662, at *3 (W.D. Va. Sept. 30, 2010) (plaintiff could not "add a [d]efendant without amending his [c]omplaint" where the existing complaint did not "allege any claims or facts against the new defendant"). If Kupperman wants to assert a claim against the Sergeant-at-Arms, he needs to amend his complaint to allege conduct by the Sergeant-at-Arms that both demonstrates standing and states a claim upon which relief could be granted. To date, Kupperman has not attempted to do so.[4]

Neither of the cases relied on by Kupperman are to the contrary. In *Mullaney v. Anderson*, 342 U.S. 415 (1952), the Supreme Court held only that two *plaintiffs* could be joined to resolve a potential standing issue; the plaintiffs asserted no new claims and did not affect the

---

[4] If this Court were to permit Kupperman to amend his complaint to add allegations against the Sergeant-at-Arms, the House Defendants reserve their right to raise any defenses and objections to those new allegations.

litigation in any other way. *Id.* at 430. In *Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996), the D.C. Circuit added two additional defendants solely for purposes of redressing the plaintiff's injury. Specifically, because the court was uncertain whether it could directly order the President to reinstate the plaintiff, the court added two subordinate officials as parties to ensure that the court's injunction would result in the plaintiff's *de facto* reinstatement. *Id.* at 979-81. Adding those officials as defendants—in a case where the plaintiff had actually alleged an injury-in-fact—did not change either the nature of the alleged wrongdoing or the actual relief the plaintiff sought; the plaintiff did not allege that the additional defendants engaged in any independent wrongful conduct, or any wrongful conduct at all. *See id.*

Here, by contrast, the purported basis for Kupperman's Rule 21 motion is hypothetical independent conduct by the Sergeant-at-Arms that purportedly gives rise to a unique claim against him. Kupperman speculates that the Sergeant-at-Arms *may* engage in "unconstitutional, non-legislative actions" different from the legislative actions of the House Defendants, Kupperman MTD Opp'n at 47, such as arresting Kupperman or enforcing a fine imposed against him, *see* Kupperman Mot. at 2. But Kupperman fails to allege any wrongful conduct by the Sergeant-at-Arms in his complaint, and therefore the Sergeant-at-Arms would have to be dismissed if added as a defendant.

### B. Kupperman Lacks Standing to Assert Claims Against the Sergeant-at-Arms Even if the Allegations in His Motion Are Considered

Even if the Court could treat Kupperman's arguments in his briefs as allegations incorporated into his complaint, Kupperman's attempted claim against the Sergeant-at-Arms would still have to be dismissed under Rule 12(b)(1) for lack of standing. The Supreme Court has held that a plaintiff cannot demonstrate standing when his asserted future injury rests on a "speculative chain of possibilities." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013).

"Speculation is ordinarily fatal to standing." *Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 379 (D.C. Cir. 2017).

The possibility of Kupperman suffering future injury due to conduct by the Sergeant-at-Arms is beyond speculative. For Kupperman to have a claim against the Sergeant-at-Arms, the following series of events would need to occur: (1) the House Permanent Select Committee on Intelligence (HPSCI) would have to reissue a subpoena to Kupperman; (2) Kupperman would have to defy that hypothetical subpoena; (3) HPSCI would have to find Kupperman in contempt and refer the matter to the full House; (4) the House would have to initiate inherent contempt proceedings (for the first time in nearly a century) or impose a monetary fine in lieu of arrest and incarceration (for the first time in history); and (5) the House would have to adopt a resolution requiring the Sergeant-at-Arms to execute the House's contempt order.[5]

None of these things is going to happen. The House Defendants have committed to Kupperman and this Court both that they will not reissue the subpoena to Kupperman and that they will not initiate contempt proceedings against Kupperman for failure to comply with the withdrawn subpoena.[6] Simply put, the Sergeant-at-Arms will not be called upon to take any action against Kupperman. Any future injury attributable to the Sergeant-at-Arms thus rests on a

---

[5] The Sergeant-at-Arms plays no role in statutory contempt proceedings. *See* 2 U.S.C. §§ 192, 194.

[6] *See* House Defs.' Mem. of Law Responding to Pres. Trump's Mot. to Dismiss or, in the Alt., for Summ. J. at 3 (Nov. 27, 2019), ECF No. 47; House Defs.' Response to Pres. Trump's Statement of Material Facts Not in Dispute at 6-7 (Nov. 27, 2017), ECF No. 47-1 ("Undisputed that HPSCI withdrew the subpoena to Kupperman on November 5, 2019, and that House Defendants will not reissue it; and, accordingly, that House Defendants will not initiate contempt proceedings against Kupperman or refer him for prosecution under 2 U.S.C. § 194 concerning the now-withdrawn subpoena; will not exercise the House's power of inherent contempt against Kupperman—via arrest by the Sergeant-at-Arms, via the imposition of monetary fines, or via any other mechanism—concerning the now-withdrawn subpoena; and will not bring a civil suit against Kupperman to enforce the now-withdrawn subpoena." (underline omitted)).

5

"chain of possibilities" that is "speculative" to say the least. *Clapper*, 568 U.S. at 414. Because any such injury is purely "conjectural or hypothetical," *Lujan*, 504 U.S. at 560, Kupperman lacks standing to bring any claim against the Sergeant-at-Arms.

### C.     Any Claims Against the Sergeant-at-Arms Are Not Ripe

For similar reasons, any claim Kupperman could bring against the Sergeant-at-Arms "is not ripe for adjudication" because "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotation marks omitted). Even if a plaintiff's claim is "predominantly legal in character," if the claim "depends on future events that may never come to pass, or that may not occur in the form forecasted, then the claim is unripe." *Devia v. Nuclear Regulatory Comm'n*, 492 F.3d 421, 425 (D.C. Cir. 2007) (quotation marks omitted). Here, at a minimum, the possibility that any of the five events listed above will occur is extraordinarily remote, and the possibility that all of them will transpire is nonexistent. If ever there were a case where it is "too speculative whether the problem [the plaintiff] presents will ever need solving," *Texas*, 523 U.S. at 302, it is this one.

### D.     Any Claims Against the Sergeant-at-Arms Are Not Plausible

Finally, even if Kupperman could add the Sergeant-at-Arms as a defendant without amending his complaint, and even if there were somehow jurisdiction over these claims, the claims against the Sergeant-at-Arms would still have to be dismissed pursuant to Rule 12(b)(6). Any allegation that the Sergeant-at-Arms will take action against Kupperman is not "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The subpoena has been withdrawn, the House Defendants will not reissue it, and the House Defendants will take no action against Kupperman for defying it while it was in force.

## CONCLUSION

The House Defendants respectfully request that this Court deny Kupperman's motion.

Respectfully submitted,

/s/ Douglas N. Letter
Douglas N. Letter (DC Bar No. 253492)
    *General Counsel*
Todd B. Tatelman (VA Bar No. 66008)
    *Deputy General Counsel*
Megan Barbero (MA Bar No. 668854)
    *Associate General Counsel*
Josephine Morse (DC Bar No. 1531317)
    *Associate General Counsel*
Adam A. Grogg (DC Bar No. 1552438)
    *Assistant General Counsel*
William E. Havemann (VA Bar No. 86961)
    *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, DC  20515
Telephone: (202) 225-9700
douglas.letter@mail.house.gov

Daniel F. Jacobson (DC Bar No. 1016621)
Elisabeth S. Theodore (DC Bar No. 1021029)
R. Stanton Jones (DC Bar No. 987088)
Sally L. Pei (DC Bar No. 1030194)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC  20001-3743
(202) 954-5000
daniel.jacobson@arnoldporter.com

*Counsel for the House Defendants*

December 4, 2019